Kuhn v. Pulaski County Mill and Elevator Co., 188 Ill. App. 279.

D. J. UNDERWOOD, H. ANDERSON and J. W. JONES, for plaintiff in error.

J. H. LANE, for defendant in error; A. M. WILSON, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. TRESPASS, § 64*—*when person not guilty of statutory offense of trespass.* On prosecution a person charged with the criminal offense of trespass on the improved field of another under Criminal Code, ch. 38, § 266, Hurd's R. S., J. & A., ¶ 3958, *held* that the defendant was not expressly forbidden to enter upon the premises as required by statute, where the owner posted a notice on the premises addressed to the defendant and the highway commissioners telling them "to stay off his possession there, and not to come there to make a road," but defendant never saw the notice, and another time when the defendant went to the owner and asked him about fencing the land the owner answered that he had nothing to say and that he wanted him to keep off his premises.

2. TRESPASS, § 64*—*propriety of proceeding to try title to land.* The title to land cannot properly be tried in a suit for the criminal offense of trespass.

---

**Paul Kuhn et al., trading as Paul Kuhn and Company, Appellants, v. Pulaski County Mill and Elevator Company, Appellee.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Paul Kuhn and Elizabeth A. Kuhn, trading as Paul Kuhn and Company, against Pulaski County Mill and Elevator Company to recover a sum claimed to be due as an overcharge in a sale to plaintiffs of certain wheat which was not up to the grade contracted for. The suit was originally commenced before a justice of the peace where plaintiff had judgment for $176.10, but on appeal to the Circuit Court the cause was tried by the court with a jury and the issues were found for the defendant and judgment was entered against plaintiffs for costs. To reverse the judgment, plaintiffs appeal.

Fred Hood, for appellants.

Charles L. Rice, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. Principal and Agent, § 105*—*when corporation not liable on contract of assumed agent.* Where a corporation engaged in buying and selling grain leased its property to others who carried on the same kind of business and made a sale of a shipment of wheat through a correspondence in which they used the letter head of the corporation signed by one of them as agent, *held* in an action by the purchaser against the corporation to recover back an overpayment made, for the reason that wheat was not up to the grade agreed to be furnished, that the evidence was insufficient to show any liability on the part of the defendant, there being no evidence to show that the defendant authorized the sellers to use its name or had knowledge of its use until after the transaction and no proof of any act of omission or commission on the part of defendant to render it liable.

2. Principal and Agent, § 237*—*proof of agency.* The mere showing that one assumed to act as agent is not sufficient to establish an agency, nor can the agency be proved by an act of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

supposed agent which was neither expressly nor impliedly authorized by the alleged principal.

3. Principal and Agent, § 225*—*burden of proving authority.* One attempting to take advantage of the act of one claiming to be an agent has the burden of showing his authority.

## G. C. Stafford, Appellee, v. H. E. Kimmel, Executor, Appellant.

1. Executors and administrators, § 284*—*when appeal to Circuit Court properly dismissed for failure to file appeal bond.* On appeal to the Circuit Court from an order of the County Court allowing a claim against an estate, the appeal bond is jurisdictional, and where no appeal bond whatever has been filed the court may properly dismiss the appeal and deny appellant's cross-motion to file an appeal bond *nunc pro tunc.*

2. Appeal and error, § 654*—*jurisdiction of court when no appeal bond filed.* Where a party entitled to an appeal files no bond or instrument in the nature of a bond within the time prescribed by law, the court, to which the appeal is taken, cannot permit a bond to be filed and has no jurisdiction to do anything but dismiss the appeal.

3. Appeal and error, § 654*—*right of Probate Court to dispense with requirement of filing appeal bond.* Section 11 of the Probate Court Act, J. & A. ¶ 3269, providing for appeals to the Circuit Court upon the appellant giving an appeal bond in such amount and upon such conditions as the court shall approve, cannot be construed as authorizing the Probate Court to make an order that no bond whatever be filed, nor is such section applicable to County Courts acting as Probate Courts in counties having a population of less than 70,000.

Appeal from the Circuit Court of Perry county; the Hon. William E. Hadley, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

B. W. Pope, for appellant.

George W. Dowell, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Appellee, G. C. Stafford, filed a claim for five hun-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.