(No. 18177.—Judgment reversed and award confirmed.)
THE COUNTY OF COOK, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FREDICA O. MICHELSON, Plaintiff in Error.)

*Opinion filed October 22, 1927.*

1. WORKMEN'S COMPENSATION—*when notice of injury need not be in writing under amendment of 1921.* Under the amendment of 1921 to section 24 of the Compensation act oral notice of the accident is sufficient in the absence of a showing by the employer that he is prejudiced by the failure to give written notice.

2. SAME—*when notice to county is sufficient.* Notice of an accident in which an employee of the recorder's office received an injury in the course of his employment is sufficient when given to the county recorder within the time required by section 24 of the Compensation act, as the recorder, in such case, is the agent or vice-principal of the county.

3. SAME—*when finding of Industrial Commission will not be disturbed—pre-existing disease.* A finding of the Industrial Commission that an employee's death was caused by an injury received in the course of his employment will not be disturbed unless against the manifest weight of the evidence, and although the evidence shows that the employee died of apoplexy brought on by a diseased kidney and weak heart, where the weight of expert testimony is to the effect that the injury hastened the death of the employee, which occurred within six months after the injury, the finding and award of the commission will be sustained.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, (WILLIAM B. WALRATH, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The superior court of Cook county set aside the award of the Industrial Commission in favor of Fredica O. Michelson and against the county of Cook and quashed the proceedings of the Industrial Commission. The cause is here on writ of error.

It appears from the record that Gideon C. Michelson, husband of Fredica O. Michelson, on September 2, 1921, was employed in the recorder's office of Cook county, Illinois. His duties were to search the tax records and carry record books from one office to another. While carrying books in the county building on that day he entered one of the elevators in the building, which was in some manner started, and he fell to the floor of the elevator. His legs projected beyond the floor of the elevator and the top of the iron work enclosing the door. His right leg was broken at or near the ankle and a gash cut in his left leg near the knee. He was a man about fifty-six years of age, weighing

about 220 or 230 pounds. He had formerly lived in the South, but due to asthmatic attacks he was advised to move from that climate and so removed to Chicago. At the time of the accident, although physically able to do the work and apparently in good health, he had high blood pressure, hardening of the arteries and chronic disorders of the heart and kidneys. He had worked in the recorder's office for about two years prior to the accident. Immediately after the accident he was given first aid and taken to his home, where he was treated for his wounds. The wound in his leg became infected. This infection continued for two or three weeks. He returned to work November 28, 1921, but was unable to work full time. He frequently left his work between one and two o'clock in the afternoon. He was unable to carry the books as he had done prior to the accident, and on January 15, 1922, he died of apoplexy, shown to be due to a hemorrhage of the brain, brought about by his kidney and heart condition.

The family physician, Dr. Kirk, testified that in his opinion the accident made the condition of the kidneys worse and tended to increase the blood pressure, giving more work for the heart to do, and hastened Michelson's death. The widow testified that the attacks of asthma became more frequent after the accident. Dr. Patton and Dr. N. H. Adams testified that in their opinion the accident hastened the death of the deceased by its harmful effect upon an already diseased heart and arteries. Dr. William O. Krohn testified on behalf of defendant in error that in his opinion the accident did not have anything to do with the man's death, but that his rest and quiet in bed after the accident had a tendency to help his heart, his high blood pressure and kidneys.

The stipulation filed showed the earning capacity of deceased to be $43 per week. The arbitrator awarded $14 per week for 267-6/7 weeks and $200 for medical services. On a hearing on the petition for review of the decision of

the arbitrator, filed by defendant in error, testimony was heard on behalf of plaintiff in error as to notice of the accident. The widow testified that three or four men from the recorder's office came to see her husband. It further appears from the evidence that Henry Gerkin, an employee in the recorder's office, was told by one of the employees on the day of the accident that Michelson had been hurt; that the then chief clerk in the recorder's office told him to go over and take care of Michelson, get a doctor and take him home; that Gerkin reported to the chief clerk in the recorder's office that Michelson had been hurt, which was only a few minutes after the accident had happened; that within thirty days he had talked to Joseph F. Haas, the recorder, about Michelson's accident and how he was getting along. The Industrial Commission affirmed the finding of the arbitrator, and the superior court of Cook county vacated and set aside the decision and remanded the cause to the Industrial Commission, with directions to allow both parties to introduce further evidence if they saw fit. Gerkin again testified that he had talked to Haas on the same day the accident happened and at the time Michelson was in the doctor's office in the health department in the city hall. He testified that Haas told him to take care of Michelson and get a cab or patrol wagon; that within thirty days he talked several times to Haas about Michelson's condition. The Industrial Commission again found for plaintiff in error and fixed the compensation the same as in the previous order. On writ of *certiorari* to the superior court that court again set aside the decision and award of the Industrial Commission and quashed the proceedings.

Plaintiff in error urges that the holding of the superior court that the notice was insufficient was erroneous and that the court erred in quashing the record of the Industrial Commission. Defendant in error contends the decision of the superior court was correct, first, because the record fails to show that the notice required by the Work-

men's Compensation act was given to the county of Cook; and second, because the evidence failed to show that the accident caused or hastened the death of Michelson.

As to the question of notice, defendant in error contends that notice must be given in writing since the amendment of section 24 of the Workmen's Compensation act, July 1, 1921. That question was fully considered by this court in *Heyworth* v. *Industrial Com.* 321 Ill. 298, where it was held that in the absence of a showing by the employer that he is prejudiced by the failure to give written notice, where oral notice is given, written notice will not be required.

Defendant in error contends, however, that notice to the county, to be valid, must be given to someone capable of binding the county; that the recorder of deeds is not such a person, and that therefore notice to him or some employee in his office does not constitute notice to the county of Cook. There is no claim in the record that defendant in error was in any way prejudiced by the character of the notice given, but it is argued that there was no sufficient notice to the county. It is clearly shown that deceased was employed in the office of the recorder of deeds of Cook county on September 2, 1921; that he was injured while in the line of his duty; that he returned to work in November of the same year and died in January, 1922, and at the time of his death was still an employee in the recorder's office of Cook county. The statute is silent concerning who shall be served with notice on behalf of the county in a case of this kind. By section 24 notice is to be given to the employer as soon as practicable, but not later than thirty days after the accident. Who is the employer? The salary of the employee is paid by the county. The recorder represents the county, in that he had power to employ the deceased and to bind the county for the payment of his salary. He, alone, may dismiss an employee. He is therefore the agent or vice-principal of the county. We are of the opinion that, so far as the purpose of the statute re-

quiring notice is concerned, notice to the recorder is notice to the county, and that the requirements of the statute are by such notice met. The recorder had notice of the injury to Michelson the next day after the injury. *Heyworth* v. *Industrial Com. supra.*

As no error is argued concerning the holding of the Industrial Commission that the parties to the proceeding were under the Compensation act it is not necessary to consider that matter here.

Defendant in error urges, however, that the evidence does not show that Michelson's death was caused by the injury referred to. The widow testified that while he had had asthma, he had been cured of it for some time before the injury; that it recurred frequently after the injury; that before the injury he appeared to be a healthy man, but that after the injury he was nervous, much weaker and slept poorly. As we have seen, the family physician testified that it was his opinion that the accident, because of the additional load placed on the heart and arteries by the injury and infection, hastened the death of Michelson. Two other physicians testified to a like conclusion from a hypothetical question covering the evidence of the witnesses. One physician testified in response to such hypothetical question that in his opinion the injury had nothing to do with Michelson's death. Regardless of the conclusion which this court would reach were we hearing the evidence, the rule is that the findings of the Industrial Commission on the facts will not be disturbed unless against the manifest weight of the evidence. *Consolidated Coal Co.* v. *Industrial Com.* 311 Ill. 61; *Peabody Coal Co.* v. *Industrial Com.* 311 id. 338.

The superior court erred in setting aside the finding of the Industrial Commission and in quashing the record of the commission, and its judgment is reversed and the award of the commission confirmed.

*Judgment reversed and award confirmed.*