(No. 26413.—)

ROBERTA PALMER *et al.,* Appellees, *vs.* GEORGE MILLER, Appellant.

*Opinion filed September 21, 1942.*

STONE & FOWLER, and ROY R. HELM, for appellant.

ALFRED ROY HULBERT, GROVER E. HOLMES, and CARL H. SMITH, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The Appellate Court affirmed two judgments entered in the circuit court of Massac county against the appellant, George Miller. One was in favor of appellee Roberta Palmer and the other in favor of her husband, Robert L. Palmer. Leave to appeal was granted. The judgment in favor of Mrs. Palmer is for damages for personal injuries she sustained while riding in an automobile being used to convey the appellant to a doctor for medical care. Robert L. Palmer's judgment was for the recovery of money he expended for and on behalf of his wife in giving her medical and hospital care. Mrs. Palmer's injuries were severe and of such a nature as to necessitate heavy expenditure of money for medical services and hospitalization. No question is raised as to the excessiveness of either judgment. The defense interposed was not guilty.

On the evening of May 29, 1939, appellees were attending a dance at a country club located a short distance

from Metropolis. Appellant obtained permission to use his mother's automobile and took Dan Park and four others to the dance. During the course of the evening appellant received a cut on the palm side of his left wrist. It bled profusely and although a tourniquet was placed on the arm it continued to bleed. Some of those present, including Park, thought appellant needed medical care and assisted him from the dance hall to the automobile which appellant had driven to the party. Park obtained the automobile keys from appellant and assisted him into the front seat. Park then returned to the dance floor and asked Mrs. Palmer, who is a professional nurse, if she would accompany them and assist in caring for appellant. She agreed and went with Park to the automobile where appellant was waiting. She testified that before entering the automobile, appellant, who was then sitting in the front seat, asked if she would go with him and help, to which she consented. Park drove, appellant sat in the front seat by him and Mrs. Palmer to his right. Others occupied the rear seat. A gravel roadway extended from the country club to the State highway a distance of approximately a mile. The State highway was paved with concrete. Park drove very rapidly and on rounding a curve drove the car off the paved road. It struck a tree and turned over, seriously injuring Mrs. Palmer. There was no charge of wilful and wanton negligence.

The allegation of the complaint was that the acts of negligence alleged were committed by appellant by and through Dan Park who was then and there acting as his servant and agent. At the time of the accident appellant's age was twenty years and ten and one-half months. His defense was that as he was a minor he can not be held liable for the negligence of Park. He contends that, since the relationships of principal and agent and master and servant arise out of contract, actual or implied, he, by reason of his minority, did not have the power to make

such a contract and, therefore, he can not be held liable under the principle of *respondeat superior*. The Appellate Court sustained appellant's contention on this point but concluded that the allegations of the complaint that the appellant committed the negligent acts through his agent and servant should be treated as surplusage, thus leaving a positive allegation that appellant committed the acts of negligence.

The rule is that as a minor may not make a contract, he cannot establish the relationship of master and servant or principal and agent and so cannot be held liable for the tort of another under the doctrine of *respondeat superior*, though he may, aside from certain limits as to age and intelligence, be held liable for his personal tort. (*Covault v. Nevitt*, 157 Wis. 113, 146 N. W. 1115; *Billet v. Shaw*, 117 Md. 508, 83 Atl. 394; *Burnham v. Seaverns*, 101 Mass. 360, 100 Am. Dec. 123; Cases cited in 27 Am. Jur, p. 813.) The doctrine of *respondeat superior* rests upon a contractual relation. It is evident that to support the application of such principle it is necessary that there be not only a valid contract of employment but that the acts of negligence complained of were committed while the servant was engaged in the scope of his employment under the contract. Since appellant's minority prevented him from making a contract for the services of Dan Park for driving the automobile, the contract is not present in the instant case and he cannot be held liable under the doctrine of *respondeat superior*. *Covault v. Nevitt, supra;* 1 Cooley on Torts, (3d ed.) 188; *Hodge v. Feiner,* 90 S. W. (2d) (Mo.) 90, 103 A. L. R. 483; 14 R. C. L. sec. 36, p. 260.

Counsel for appellees argue that although appellant, a minor, was incompetent to make a contract of agency, he was present in the car which was being driven for his benefit, and the law imputes the negligence of the driver to him. With this we cannot agree. It is fundamental in the law of imputed negligence that to impute the negligence

of one person to another, such persons must stand in a relation of privity and there is no such thing as imputable negligence except in those cases where such a privity as master and servant or principal and agent exists. This rule applies to infants as well as to a stranger. Infants are responsible for their own negligence, only. *Smithers* v. *Henriquez,* 368 Ill. 588; *Nonn* v. *Chicago City Railway Co.* 232 id. 378.

Counsel for appellees also argue that as appellant was riding in the seat with Park at the time of the accident, and was presumed to be in control of the car, and the trip was made for his benefit, he is liable notwithstanding he was incapable because of infancy of entering into a contractual relationship of master and servant or principal and agent with the driver, Park. The rule is that liability for damage caused by the negligent act of the driver of an automobile, not arising under the doctrine of *respondeat superior,* does not attach against a person other than the driver, unless that person is the owner of the automobile or possesses the right to control the driving of it, and such owner or possessor is riding in the automobile at the time of the injury and negligently fails to properly control the driver. Where the owner of the car is riding in it, he has not only the right to possession of it but has such possession and he necessarily retains the power and the right of controlling the manner in which it is being driven unless it is shown that he has contracted away or abandoned that right. He likewise has the duty to control the driver. The inference is that the owner knew of the improper operation of the car and became responsible for the consequences of such operation. (*Wheeler* v. *Darmochwat,* 282 Mass. 553, 183 N. E. 55; *Daggy* v. *Miller,* 180 Iowa, 1146, 162 N. W. 854; *Powers* v. *State,* 11 Atl. (2d.) (Md.) 909; *Rogers* v. *Saxton,* 305 Pa. 479, 158 Atl. 166; 5 Blashfield's Cyc. of Automobile Law, p. 66.) Cases cited by appellant on this point, such as *Hodge* v. *Feiner, supra,* and others,

are to be distinguished from the case before us, as in those cases the one owning or possessing authority to control the car was not riding in it when it was being driven in an improper manner. The basis of an action against the owner of the car riding in it, is that the owner is himself guilty of negligence in failing to control the driving of the car, or is in a joint enterprise with the driver. There is nothing in the pleading in the case before us charging any such negligence against the appellant. The acts of negligence alleged are those of the driver, Park, which it is alleged are to be imputed to appellant. In those cases where the charge is that the appellant had the right to control and direct the use of the car, and was assisting in driving the same, using the driver as an instrumentality, such charge is an allegation of joint action and joint negligence and so amounts to a charge of negligence against the appellant personally, based upon his own acts. Of such a case is *Haynie* v. *Jones,* 233 Mo. App. 948, 127 S. W. (2d) 105, and *Wilson* v. *Moudy,* 22 Tenn. App. 356, 123 S. W. (2d) 828, cited by appellees.

It is argued by appellees' counsel, and was so held by the Appellate Court, that the charges in the complaint that the appellant committed the acts of negligence by Park, his agent or servant, may be treated as surplusage and disregarded. Cases are cited holding that where terms appear in the pleadings, that constitute a description of a party, such descriptive words may be disregarded as surplusage. The rule permitting the deleting of words in a complaint as surplusage, is that where descriptive words are used, which, if deleted, leave the cause of action stated as before, such words may be treated as surplusage. (*Bond* v. *Betts,* Breese, 205; *Linquist* v. *Hodges,* 248 Ill. 491; *Dunham* v. *Black Diamond Coal Co.* 239 id. 457; *West Chicago Street Railway Co.* v. *Lundahl,* 183 id. 284.) As was pointed out in *Bond* v. *Betts, supra,* words used merely as a description or characterization of the person and which

can in no way control or alter the import of the contract, or the intent of the parties, are to be counted as surplusage. In *Rich* v. *Albrecht,* 300 Ill. App. 493, in which a petition for leave to appeal to this court was denied, the general allegation that the defendant himself had committed the tort, was sufficiently broad to warrant a recovery where the proof showed a servant of the defendant was actually doing the driving. It will be noted that in the case before us the complaint contains no charge of any negligent act or failure to act on the part of the appellant.

Counsel for appellees say, however, that under the present Practice act, which is intended to liberalize pleadings, the language "by his servant" or "by his agent" should be treated as surplusage. There is nothing in the present Practice act which excuses the pleader from stating his case with clarity and direction. Section 4 of the Practice act, cited by appellees' counsel, provides that "This act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Section 33, also cited, is: "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." Section 42 provides: "No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet." Assuming that the words "servant" or "agent" be stricken as surplusage, the question arises, would the proof to sustain or defend against the charge be necessarily the same? The theory of appellees' case is that the negligence was the negligence of Park, servant or agent of the appellant, and that such negligence is to be imputed to the appellant. As we have seen, the inference, where the owner is in the automobile, is that he knew of its improper operation and became responsible for the consequences of such operation, unless shown to have contracted

away or abandoned such right of control. (*Wheeler* v. *Darmochwat, supra.*) It was also held in the case last cited that this inference gives rise to a *prima facie* case, only, against the appellant, which he may rebut with proof of want of negligence on his part. Had the charge in the case before us been that the appellant, by reason of the facts of the case, owed a duty to control the driver, which he failed or refused to perform, whereby the damage was occasioned, the proof would not necessarily be the same as that required to sustain the charge as made.

In *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 Ill. 330, cited by appellant, it was held that a charge of liability against the defendant railway, because of the negligence of its assistant yardmaster, could not be sustained by proof of the negligence of another servant. Since the gist of the charge of liability in that case arose under the doctrine of *respondeat superior,* that doctrine was applicable whether the negligence of the yardmaster or some other servant was the cause of the injury, and we think that the Practice act as cited by the appellees is designed to cover just such a case. In this case, however, with the words "agent" or "servant" stricken from the charge in the complaint, the charge remaining would be one of negligent acts on the part of the appellant, and the issue would be whether his negligent acts caused the injury. This, it will be readily seen, would call for different proof. No negligent act of appellant is charged but negligence is based on the act of another. We are of the opinion, therefore, that in this case the words "by his servant or agent" cannot be stricken as surplusage, and in the absence of proof of charge of negligent acts or failure to act, on the part of appellant, it can scarcely be said that appellees have maintained their case.

This record also discloses that the jury was instructed on the theory of imputed negligence under the doctrine of

*respondeat superior*, and it could hardly be said to have considered the question whether the appellant was negligent in permitting an improper operation of the car.

Numerous objections are assigned to instructions given, but as they were based on the doctrine of *respondeat superior* or imputed negligence, the errors complained of are not apt to occur on a subsequent trial. In the condition in which we find the record it is necessary that the case be tried again with the proper pleadings and instructions.

The judgments of the Appellate Court and the circuit court are reversed and the cause remanded to the circuit court for a new trial. *Reversed and remanded.*