Melville C. Dean, Appellee, v. Frank Ketter, Trading as North Shore Cab Company, Appellant.

Gen. No. 10,059.

Opinion filed March 8, 1946. Released for publication April 1, 1946.

MORTIMER SINGER and ESTHER C. SINGER, both of Highland Park, for appellant.

LIDSCHIN & PUCIN of Waukegan, and ROBERT E. DUNNE, of Chicago, for appellee; ROBERT E. DUNNE, of Chicago, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

Appellee, Melville C. Dean, recovered a judgment in the circuit court of Lake county, for $332.40 against Frank Ketter, appellant, on account of an accident by which a taxicab owned by appellant and driven by Clarence Davis, ran into the rear end of appellee's car while it was parked at night on a street in Highland Park. The suit came to the circuit court by an appeal from a justice of the peace, and the trial on the appeal was by the court without a jury. Clarence Davis was not made a party defendant to the action.

The testimony shows that appellant owned the taxicab, on which appeared the name "North Shore Cab;" that the City Garage in Highland Park, which was not a taxicab company, maintained an office from which one of its employees received and dispatched calls for several taxicab companies, all of which, including appellant's business, took their calls from that office; and that the dispatcher's salary was paid by the City Garage. Clarence Davis testified that on the night of the accident he was going on such a call to the Hotel Moraine; that he had been driving a taxicab for two years; that he received no salary from appellant but paid him six cents a mile for the use of the taxicab, and supplied his own gasoline; that his arrangement with the defendant was that he could accept or refuse calls at will; that he could reject any call, whether or not he had a passenger in his cab, and that while he, personally, did not reject calls, he could do so if he wanted to, and that all of such conditions were in effect on the night of the accident.

The principal issue is whether Clarence Davis was an employee or agent of appellant or was a bailee of

the taxicab and an independent contractor. Appellee insists that there is no testimony to show that the driver was in business for himself, or that he was bonded for operation of a taxicab, as required by section 42a of the Motor Vehicles Act (Ill. Rev. Stat. 1945, ch. 95½, par. 59 [Jones Ill. Stats. Ann. 85.057]), or that appellant was not bonded for the particular taxicab, or had no control over the operation thereof. The section of the statute mentioned prohibits the operation of any such motor vehicle on any public street or highway without the furnishing of a bond by or an insurance policy to the owner, and provides for a bond conditioned on the payment of all final judgments recovered against the owner for any injury to or death of any person resulting from the negligence of such owner or his agent in the operation of such motor vehicle. Obviously, the application of this section in this case depends upon whether the driver of the taxicab was an agent of appellant. The claim that there is no testimony to show that the driver was in business for himself, or that appellant had no control over the operation of the taxicab is refuted by the testimony of the driver, which is not contradicted. The obvious and necessary conclusion from his testimony is that he rented the taxicab from appellant on a mileage basis, received no pay from appellant, but was entitled to all the receipts from his operation thereof, and whether he paid his rental from such receipts or from other sources would not affect the character of his relations with appellant. His testimony that he could accept or reject a call at will demonstrates that appellant had no control over his operation of the taxicab.

The general rule is that a party injured by the negligence of another must seek his remedy against the person who caused the injury, since such person is alone liable. To this general rule the cases of master and servant and principal and agent are ex-

ceptions and the negligence of the servant or agent is imputable to the master or principal, but to bring the case within the exception it is necessary to show that the relation of master and servant or principal and agent exists between the person at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and in respect to the particular transaction out of which the injury arose. An automobile is not so dangerous an agency as to make the owner liable for injuries caused by it to travelers on the highway regardless of the agency of the driver, and the owner of an automobile who permits another to operate it is not liable for the negligence of such other in the operation of the automobile unless the other person is, in operating the automobile, the servant or agent of the owner. (*Mosby v. Kimball,* 345 Ill. 420, 427.)

The law of agency is an outgrowth and expansion of the doctrine of master and servant. (*Scott v. Greene,* 242 Ill. App. 405.) An agent is a person employed by another to act for him. (*Barnard v. Springfield & N. E. Traction Co.,* 274 Ill. 148, 151.) An agent is one who undertakes to manage some affairs to be transacted for another by his authority on account of the latter who is called the "principal" and to render an account. (*Andrews v. Votaw,* 240 Ill. App. 311.) The burden of establishing an agency rests upon the party asserting such agency. (*Chesley v. Woods Motor Vehicle Co.,* 147 Ill. App. 588; *Kuhn v. Pulaski County Mill & Elevator Co.,* 188 Ill. App. 279.) In *La Prise v. Carr-Leasing, Inc.,* 326 Ill. App. 514, we held that a failure to prove agency was fatal to recovery.

While the words "agent" and "servant" are not wholly synonymous, yet in considering the tort liability of the agent and servant, it is generally agreed that no basic or fundamental distinction is to be drawn between the liability of the principal for the

tort of the agent and the liability of the master for the tort of the servant. (2 Am. Jur. Agency, sec. 7, pp. 16, 17), and while it is impossible to lay down any hard and fast rule as to the meaning of the terms ''employee'' and ''independent contractor'' and each case must depend upon its own facts (*Lickhalter v. Industrial Commission,* 383 Ill. 527, 533), the rule of nonliability of an independent contractor is applied to both negligence cases and compensation cases. (*Postal Telegraph Sales Corp. v. Industrial Commission,* 377 Ill. 523, 527.) It naturally follows that the principles of law applied in compensation cases in determining the relations of the parties are a guide in negligence cases.

An independent contractor has been repeatedly defined as one who renders service in the course of the occupation, and represents the will of the person for whom the work is done only with respect to the result, and not the means by which it is accomplished. (*Postal Telegraph Sales Corp. v. Industrial Commission,* 377 Ill. 523.) The principal consideration which distinguishes the employee from an independent contractor is the right to control the manner of doing the work. The test of the relationship is the right to control. (*Olympic Commissary Co. v. Industrial Commission,* 371 Ill. 164, 171; *Murrelle v. Industrial Commission,* 382 Ill. 128, 134; *Postal Telegraph Sales Corp. v. Industrial Commission,* 377 Ill. 523; 2 Am. Jur. Agency, sec. 8, p. 17.) Under these holdings, the fact that Davis, the driver of the taxicab, testified that he was driving it that day for Frank Ketter, when considered with his other testimony, does not tend to show that he was an agent or employee of appellant, but that he was an independent contractor, or bailee for hire.

At common law it seems to be well settled, both in bailments for gratuitous use and in lettings for hire, that the bailor cannot be held responsible to a third

person for injuries resulting from the bailee's negligent use of the bailed chattel, in the absence of any control exercised by the bailor at the time, or of his own negligence which proximately contributed to the injuries. This general rule has been superseded in some states by statutes relating to bailments of animals, automobiles and other vehicles, which impose liability, or a presumption thereof, upon the owner of such a chattel for injuries occurring while it is being used by another with his consent on highways or other public places. The view is taken that such a statute, for the purposes comprehended therein, superimposes the relationship of principal and agent over that of bailor and bailee. (6 Am. Jur. Bailments, sec. 316, p. 399.) From the note to the text it appears that such statutes have been adopted in New Jersey, California, Connecticut, Iowa and Michigan, but there is no such statute in this State, and hence the general rule is applicable.

In *Robeson v. Greyhound Lines, Inc.*, 257 Ill. App. 278, relied upon by appellee, the court held that the name of the defendant on a bus involved in an accident was prima facie evidence of ownership, and that there was no competent testimony that the driver was not the defendant's agent, and affirmed a judgment for the plaintiff. If, from the name on the taxicab, there arose a presumption that it was operated by appellant, as claimed by appellee, such a presumption is not evidence, and in the case at bar, the presumption entirely vanished by the testimony of the driver. (*Coal Creek Drainage & Levee Dist. v. Sanitary Dist. of Chicago,* 336 Ill. 11, 31; *Lohr v. H. Barkmann Cartage Co.,* 335 Ill. 335, 340; *Sharp v. Sharp,* 333 Ill. 267, 274; *Osborne v. Osborne,* 325 Ill. 229, 230; *Paulsen v. Cochfield,* 278 Ill. App. 596; *Howard v. Amerson,* 236 Ill. App. 587.) The general rule as to the vanishing of such a presumption by testimony to the contrary is particularly applicable in cases of automobile acci-

dents, in which cases the appearance of the name of the owner on the vehicle, cannot in the very nature of things, be considered as inducing a third party to act or rely upon any presumption therefrom to his peril or injury.

*DeLuxe Motor Cab Co. v. Dever*, 252 Ill. App. 156, 163, also relied upon by appellee, is readily distinguishable from the case at bar. In that case the court pointed out in the opinion that the rules and regulations of the cab company prescribed the duties of the drivers in almost every conceivable particular, including personal habits, clothing, manners, how to manage cabs, and conduct toward passengers, with penalties for violation thereof. Manifestly that case has no application here.

In *Singer v. Cross*, 257 Ill. App. 41, operators of "Drive-Urself" cars, rented from the owner, were held not to be employees. In that case the court was urged, as a matter of public policy, to declare an exception to the rule as to nonliability of a bailor for negligence of his bailee, where the bailor was engaged in the business of renting automobiles but the court held that it was unable to find any substantial ground for making such an exception.

Under the facts in this case and the applicable law, the driver of the taxicab was neither an agent or servant of appellant, but was a bailee for hire and an independent contractor, which precludes any recovery from appellant for the negligence of the driver in the operation of the taxicab. This conclusion makes it unnecessary to consider the other points urged by appellant for reversal. The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*