·(No. 40435.—

WILLIAM H. CRUMPLER *et al.,* Appellants, *vs.* THE COUNTY OF· LOGAN, Appellee.

*Opinion filed September 29, 1967.*

EDWIN C. MILLS, of Lincoln, for appellants.

WARREN ·PETERS, State's Attorney, of Lincoln, (EVERETT B. JOHNSON, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiffs, William Crumpler, John Turner and Francis Myrick, former justices of the peace in defendant county of Logan, appeal from an order of the trial court granting a motion to dismiss their complaint in a suit to acquire monies to be paid under an alleged contract of employment. The jurisdiction of this court on direct appeal rests on the constitutional issue raised by plaintiffs that any statutory or constitutional denial of their rights under the alleged contract violates due process.

The facts in this case are undisputed. In September, 1960, pursuant to section 25.19—1 of the Counties Act (Ill. Rev. Stat. 1961, chap. 34, par. 429.1), then in effect, granting counties authority "To pay all necessary expenses incurred by justices of the peace in maintaining and operating an office in pursuance of their duties", the Board of Supervisors of Logan County passed a resolution which said in relevant part: "WHEREAS, it is within the sole discretion of this Board of Supervisors to allow or pay the expenses or part of the expenses of Justices of the Peace of Logan County, Illinois * * * 1. That each Justice of the Peace elected at the election of town officers on the first Tuesday in April, 1961, and on the same day quadrennially thereafter and duly qualified in accordance with law or legally holding said office thereafter in accordance with law shall be paid the sum of $50.00 per month for expenses in lieu of and for all office and other expenses * * *." No question is raised as to the authority of the county to pay expenses in this manner. Subsequent thereto plaintiffs were elected justices of the peace for the term from April 1, 1961, to April 6, 1965. In June 1963, the Board of Supervisors passed a supplemental resolution authorizing reimbursement of travel expenses "* * * for each mile actually traveled within the County of Logan for the purpose of holding court * * *."

In 1962, article VI of the Illinois constitution was amended and became effective January 1, 1964. Among other changes, the amendment, known as the Judicial Article, specifically abolished all justices of the peace courts (Ill. Const., art. VI, schedule par. 5) and also provided in article VI, schedule paragraphs 4 and 4(e), that: "Each * * * justice of the peace * * * in office on the Effective Date of this Article, shall continue to hold office until the expiration of his term, * * * justices of the peace shall be magistrates of the several circuit courts, * * *." Additionally, section 17 of amended article VI specifies that magistrates "shall receive for their services salaries provided by law" and "may be paid such actual and necessary expenses as may be provided by law. All salaries and expenses shall be paid by the State, * * *." In 1963, the amendment was implemented by legislative action as follows: "For the remainder of his term each * * * justice of the peace who becomes a magistrate of the circuit court pursuant to paragraph 4(e) of the Schedule of Article VI of the Illinois Constitution shall be paid out of the state treasury a salary at the annual rate which immediately prior to January 1, 1964 was payable to him by the county * * *. * * * the county treasurer in the case of a justice of the peace shall on or before November 1, 1963 certify to the Auditor of Public Accounts the name and annual salary being paid to such * * * justice of the peace." Ill. Rev. Stat. 1963, chap. 53, pars. 8.1, 8.2.

Plaintiffs received expense and reimbursement monies from the county as provided by its resolutions until January 1, 1964, the effective date of the Judicial Article. Plaintiffs thereafter, by virtue of the article, became magistrates of the circuit court for the remainder of their elected terms of office and received no further payment from defendant county for expenses and reimbursement after January 1, 1964.

On appeal, plaintiffs essentially contend that the board's

passage of the resolution in 1960 was an offer or inducement to them to seek the office of justice of the peace and that their subsequent election to and performance of the duties of that office constituted an acceptance of this offer, thereby creating a binding contract with the county anticipating the payment of compensation for the full term of their office. They further contend that they acquired vested rights under this contract arguing that these rights are protected by the due-process clauses of the State and Federal constitutions and that any subsequent enactments, statutory or constitutional, are void insofar as they affect these rights.

We find plaintiffs' claim wholly without merit. County boards may exercise only such powers as are expressly granted by the State or arise by implication from these granted powers or are indispensable to the purpose of their existence. (*Marsh* v. *People,* 226 Ill. 464.) The county of Logan had the power to pass the resolutions in question only because the constitution created the office of justice of the peace (section 1 of article VI prior to amendment), and the legislature authorized it to pay the expenses of that office. (Ill. Rev. Stat. 1961, chap. 34, par. 429.1.) The State, which by constitutional provision created the office and authorized the legislature to empower the counties to pay the expenses thereof, retains the power to abolish that office by a further constitutional amendment. The office of justice of the peace was specifically abolished by such amendment (art. VI, schedule par. 5) and a new office created in its stead. (Art. VI, schedule par. 4(e).) The holders of the substituted offices were to be paid by the State (art. VI, sec. 17) and implementing legislation was specifically enacted to achieve this end. The defendant could not make payment pursuant to the resolutions since its power to pay ceased to exist when the attendant constitutional and legislative authority to pay was abolished. Additionally, the substitution of a new office for the old and the directive to the State to pay for the expenses of this

office was a constitutional prohibition to the defendant county against paying for the expenses of the substituted office. Any payment by defendant after the effective date of the Judicial Article would result in double compensation since the plaintiffs were performing the same functions as they did as justices of the peace, and the State was thereafter obliged to pay for these services. Ill. Const., art. VI, sec. 17; Ill. Rev. Stat. 1963, chap. 53, pars. 8.1 and 8.2.

We therefore hold that plaintiffs are not entitled to any monies from the county during the period from January 1, 1964, to April 1, 1965. To reach any other result would be inconsistent with well-established Illinois case law that "Ordinances fixing salaries [of municipal officers] are not contracts with officers for the full term of their office" (*Gathemann* v. *City of Chicago,* 263 Ill. 292, 295), and that the only right to compensation arises not out of a contractual relation but from the rendition of services. *Jordan* v. *Metropolitan Sanitary District of Greater Chicago,* 15 Ill.2d 369; *People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100.

For the above stated reasons the order of the circuit court of Logan County granting defendant county's motion to dismiss is affirmed.

*Judgment affirmed.*