(No. 75436.—

RICHARD MOY, as Special Adm'r of the Estate of Choy Moy, Deceased, Appellant, v. THE COUNTY OF COOK, Appellee.

*Opinion filed July 28, 1994.—Rehearing denied October 3, 1994.*

HARRISON, J., dissenting.

David B. Wilson, of Levin & Perconti, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy, William P. Pistorius and Georgia A. Buglass, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

The issue presented in this appeal is whether the County of Cook may be held vicariously liable under the doctrine of *respondeat superior* for the alleged negligent conduct of the Cook County sheriff.

## BACKGROUND

Because this appeal is before the court on the defendant county's motion to dismiss, all well-pleaded facts will be regarded as true. (*Katz v. Belmont National Bank* (1986), 112 Ill. 2d 64, 67.) Plaintiff's decedent died while confined as an inmate at the Cook County jail. During the period of that confinement, decedent had repeatedly complained about illness and his inability to control his bowel movements. On July 9, 1989, two inmates told paramedics present at the jail that the decedent required medical attention and was too ill to come to the regular treatment room. The paramedics, however, refused to see the decedent unless he came to the treatment room. The decedent died the following morning.

Plaintiff filed a three-count complaint naming Cook

County as defendant. The complaint alleged that Cook County, through its sheriff, its department of corrections, its directors and its employees, owns and operates the Cook County jail and the House of Corrections. Further, the complaint alleged, *inter alia*, the following. The county conducted an examination of the decedent which indicated that the decedent needed an abdominal evaluation. On or about May 5, 1989, the jail facility physician interpreted a chest X ray of decedent which showed an abnormality of "distended loop of small bowel in RUQ [right upper quadrant] large fecal mass in abdomen." At no time did Cook County obtain a proper abdominal evaluation of the decedent. Cook County, through its officers, agents and employees, breached the duty owed the decedent and acted wilfully and wantonly and with conscious disregard for the safety, health and welfare of the decedent while he was in the custody of the defendant; failed to provide the decedent with medical care; and failed to refrain from wilful and wanton misconduct through its failure to properly train and supervise the jail staff.

The county filed a motion to dismiss the complaint with prejudice. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) In the motion, the county averred that it was not the proper party defendant. In support of the motion, the county asserted that the county's duty regarding the jail is prescribed by statute, and that the complaint failed to allege any breach of those statutory duties. Further, the county asserted, the Cook County jail and the Cook County department of corrections are solely under the supervision and control of the sheriff of Cook County, who is an independently elected constitutional officer.

After hearing on the motion, the trial court granted the county's motion and dismissed the complaint with prejudice. Plaintiff appealed the dismissal to the

appellate court. The appellate court affirmed. (244 Ill. App. 3d 1034.) We granted plaintiff's petition for leave to appeal (134 Ill. 2d R. 315(a)), and now affirm.

## ANALYSIS

Plaintiff contends that the trial court erred in dismissing the complaint. The dispositive issue is whether the County of Cook may be held vicariously liable for the conduct of the Cook County sheriff.

### *Waiver*

The county initially argues that plaintiff has waived the argument that the sheriff is an employee of the county by failing to make such argument in the trial court or on appeal. The county states that, in the trial court, plaintiff argued that the county's relationship to the sheriff was that of principal or master and, alternatively, that an agency relationship existed. However, the county contends, plaintiff never argued that an employer-employee relationship formed the basis for an imposition of the county's vicarious liability.

The argument is not waived. The complaint clearly alleges the county's liability based upon the conduct of its employees. Even had the complaint not so expressly alleged an employer-employee relationship, however, such a failing would not be fatal. Plaintiff seeks to hold the county vicariously liable under the doctrine of *respondeat superior*. Although the terms "principal" and "agent," "master" and "servant," "employer" and "employee" may have separate connotations for purposes of contract authority, such distinctions are immaterial for tort purposes. In order for a plaintiff to invoke the doctrine of *respondeat superior*, it is sufficient that one of the above relationships be established and that the wrongdoer be either the employee, the agent, or the servant. (1 J. Lee & B. Lindahl, Modern Tort Law § 7.02 (rev. ed. 1988); see also *Dean v. Ketter* (1946), 328 Ill.

App. 206 (although words "agent" and "servant" are not wholly synonymous, there is no basic distinction between liability of principal for tort of agent and liability of master for tort of servant).) Incidentally, in some works, the terms "employer" and "employee" and "master" and "servant" are used interchangeably. See, *e.g.*, 30 C.J.S. *Employer-Employee* § 3 (1992).

*Respondeat Superior*

When an action is brought against a master based on allegedly negligent acts of the servant and no independent wrong is charged on behalf of the master, liability is entirely derivative, being founded upon the doctrine of *respondeat superior.* (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 533.) "[T]o impute the negligence of one person to another, such persons must stand in a relation of privity and there is no such thing as imputable negligence except in those cases where such a privity as master and servant or principal and agent exists." (*Palmer v. Miller* (1942), 380 Ill. 256, 259-60.) The master's liability is merely by reason of the contractual relationship. (*Palmer*, 380 Ill. at 259; see also W. Keeton, Prosser & Keeton on Torts § 69 (5th ed. 1984).) Absent an employment relationship, the doctrine does not apply. See *Palmer*, 380 Ill. at 259-60 (holding that minor cannot establish relationship of master and servant and so cannot be held liable under doctrine of *respondeat superior*); see also *Raglin v. HMO Illinois, Inc.* (1992), 230 Ill. App. 3d 642, 647.

Plaintiff contends that the sheriff is a county officer who acts only on behalf of the county, which is responsible for his actions under the doctrine of *respondeat superior.* Aside from the case *sub judice*, the only case to decide the issue of a county's vicarious liability for the acts of its sheriff is *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522. The court in *Holda* held, in essence, that the sheriff is a county officer whose common law

and statutorily imposed duties are intended to benefit the county as a whole. Therefore, the court opined, the county must be held liable under the doctrine of *respondeat superior* for the negligence of the sheriff in the execution of his official duties, notwithstanding the lack of the county board's control of his actions in the operation of the jail.

We reject the reasoning in *Holda*. That the sheriff functions to benefit the county is not a factor which can aid the distinction between a master-servant and an independent contractor relationship. In either case, whether one is a servant or an independent contractor, he functions for the benefit of another. Critical to the determination of a master-servant relationship is the existence of the right to control, which includes the power of discharge. *Gundich v. Emerson-Comstock Co.* (1960), 21 Ill. 2d 117, 123.

The defendant county points to the County Jail Act (Ill. Rev. Stat. 1991, ch. 75, par. 100 *et seq.*) in support of its position that no master-servant relationship exists between it and the sheriff, as the county has no control over the sheriff's conduct. Plaintiff counters, however, that the mere fact that the county has no control over the sheriff is not dispositive. He asserts that "[o]ther factors, such as whether compensation is on a time basis or by the job, the right to discharge, and the furnishing of materials, equipment or tools, are all to be taken into consideration" in the determination of the master-servant relationship. *O'Brien v. Industrial Comm'n* (1971), 48 Ill. 2d 304.

We agree that other factors have relevance in the determination of a master-servant relationship. However, the essential and generally decisive consideration is the right to control. Lee and Lindahl suggest that while factors such as those recited in *O'Brien* need not be present for the existence of a master-servant rela-

tionship, the right to control must be present. (See 1 J. Lee & B. Lindhal, Modern Tort Law § 7.04 (rev. ed. 1988).) Dean Prosser, on the other hand, suggests that these factors determine the existence of control. See W. Keeton, Prosser & Keeton on Torts § 70 (5th ed. 1984).

The county is given no authority to control the office of the sheriff. Significantly, county boards may exercise only such powers as are expressly granted by the State or arise by implication from these granted powers or are indispensable to the purpose of their existence. (*Crumpler v. County of Logan* (1967), 38 Ill. 2d 146, 149.) Although a county board may alter or impose additional duties upon county officers, the board may not "alter the duties, powers and functions of county officers *that are specifically imposed by law.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 34, par. 5—1087; see also *People ex rel. Walsh v. Board of Commissioners* (1947), 397 Ill. 293, 298; *Dahnke v. People* (1897), 168 Ill. 102.

As related to the county jail, the following duties are imposed upon the sheriff by law. The sheriff of each county shall be the warden of the jail of the county, and have custody of all prisoners in the jail, except when otherwise provided in the "County Department of Corrections Act" (Ill. Rev. Stat. 1989, ch. 75, par. 102). The sheriff may appoint a superintendent of the jail, and remove him at his pleasure, and it is the sheriff who is responsible for the superintendent's conduct and training. Further, the sheriff is responsible for hiring and training all personnel necessary to operate and maintain the jail. (Ill. Rev. Stat. 1989, ch. 75, par. 103.) Pursuant to the Counties Code, a department of corrections is created within the office of the sheriff's department. (Ill. Rev. Stat. 1991, ch. 34, par. 3—15002.) Under the direction of the sheriff, the department operates and has jurisdiction over the county jail and other penal institutions and, *inter alia*, establishes diagnostic,

classification and rehabilitation programs at the county jail. Ill. Rev. Stat. 1991, ch. 34, par. 3—15003.

Clearly, the sheriff's statutory duties with respect to the Cook County jail are independent of and unalterable by any governing body. That notwithstanding, plaintiff maintains the existence of an employer-employee relationship. We disagree. Further, we find the county's obligation to provide a suitable jail (see Ill. Rev. Stat. 1989, ch. 75, par. 101), to incur those costs attendant to keeping, maintaining, and furnishing the jail (Ill. Rev. Stat. 1989, ch. 75, par. 120), as well as its obligation to pay all costs of maintaining persons committed to the jail (Ill. Rev. Stat. 1989, ch. 75, par. 105), insufficient bases upon which to conclude a master-servant relationship.

Throughout his argument, plaintiff correctly designates the sheriff as a "county officer." In fact, the sheriff is included among those elected persons designated in the constitution as "county officers." (Ill. Const. 1970, art. VII, § 4.) Despite recognition of the sheriff's status as a county officer, plaintiff engages in the traditional master-servant analysis to conclude the existence of an employment relationship. Plaintiff, apparently, misapprehends the full import of the sheriff's status as a county officer.

There is a distinction between officers and employees; the terms are not interchangeable. (67 C.J.S. *Officers* § 7 (1978).) Further, it is important to distinguish an office from an employment because in many respects the rules of law governing the relation of employee and employer do not govern the official relation, which is regulated by that body of the law which may be termed the law of officers. (67 C.J.S. Officers § 7 (1978).) As we have stated, application of the doctrine of *respondeat superior* requires the existence of an employment relationship.

"An office is a place in a governmental system created or recognized by the law of the State, which either directly or by delegated authority assigns to the incumbent thereof the continuous performance of certain permanent public duties. *** An employment differs from both an office and a position in that its duties, which are non-governmental, are neither certain nor permanent." *People v. Coffin* (1918), 282 Ill. 599, 606-07.

Although the designation of one by the law as an officer is of some significance (67 C.J.S. *Officers* § 8 (1978)), we recognize that such a designation is not conclusive as to the official or unofficial character of the person. Further, the nomenclature in a statute designating a person holding a position as an officer or employee is not controlling. (See *Hall v. County of Cook* (1935), 359 Ill. 528 (holding that notwithstanding language of statute authorizing appointment of a county architect by the board of commissioners of Cook County, such appointee is not an officer where he has no stated salary but is employed on a commission basis and where his work is generally casual and not continuous, even though he is frequently referred to in the records of the county board as an officer).) We, therefore, consider whether the sheriff is, in fact, an officer.

Generally, the distinction between an officer and an employee is determined by a consideration of relevant circumstances, including the nature of the duties, functions or service to be performed and the power granted and wielded. (*People ex rel. Adamowski v. Wilson* (1960), 20 Ill. 2d 568, 583.) In *People ex rel. Landers v. Toledo, St. Louis & Western R.R. Co.* (1915), 267 Ill. 142, 145-46, this court considered whether the positions of assistant State's Attorney and assistant superintendent of schools were to be considered offices. The court noted some of the indicia of an office, as contrasted with simple employment. In that regard, the court noted the

following characteristics: (1) the positions are created by law; (2) their compensations are required to be fixed by the county board and paid out of the county treasury; (3) they exercise some portion of the sovereign power of the State; (4) their duties are not prescribed by contract or agreement, but by law; and (4) they are not engaged to perform a special act, the completion of which ends their duty, but the duties of the positions are continuous, without regard to the particular person who holds the office. The court concluded that the assistants were not mere agents to perform a particular act or duty, but were officers for the performance of the general duties of the offices. See also *Midwest Television, Inc. v. Champaign-Urbana Communications, Inc.* (1976), 37 Ill. App. 3d 926, 931.

The Cook County sheriff bears all of the indicia of an officer. Specifically, the office of sheriff is created by article VII of the Illinois Constitution. (Ill. Const. 1970, art. VII, § 4(c).) In contrast, the employer-employee relationship requires for its existence an employment contract, express or implied. (*Lee v. Canuteson* (1991), 214 Ill. App. 3d 137, 141, citing *A.J. Johnson Paving Co. v. Industrial Comm'n* (1980), 82 Ill. 2d 341, 350.) Before entering upon the duties of his office, the sheriff is required to take and subscribe the oath or affirmation prescribed by the constitution. (Ill. Rev. Stat. 1991, ch. 34, par. 3—6004.) Significantly the sheriff's duty does not arise out of a contract or depend for its duration upon the terms of a contract. (See *Midwest Television*, 37 Ill. App. 3d at 931, citing 63A Am. Jur. 2d *Public Officers & Employees* § 1 (1984).) Additionally, pursuant to the constitution, the sheriff has "those duties, powers and functions provided by law and those provided by county ordinance." The constitution further provides that "[c]ounty officers shall have the duties, powers or functions derived from common law or historical prece-

dent unless altered by law or county ordinance." (Ill. Const. 1970, art. VII, § 4(d).) Finally, the sheriff is elected for terms of four years (Ill. Const. 1970, art. VII, § 4(c)), and his duties are continuous, without regard to the particular person who holds the office. Based on the presence of these several factors, we conclude that the position of sheriff is an office and not a mere employment. As such, the doctrine of *respondeat superior* has no application.

Plaintiff makes the additional argument that rejection of an agency relationship between the county and the sheriff is inconsistent with the provision of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) and the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*), which define and treat public officers as employees.

These statutory definitions have no validity beyond the scope of the legislation in which they appear. Significantly, the Workers' Compensation Act provides: "The term 'employee' *as used in this Act* means: \*\*\* all persons in the service of the \*\*\* county, including deputy Sheriffs." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1(b)(1).) Similarly, the Tort Immunity Act provides:

> "§ 1—201. Unless the context otherwise requires, *words and terms used in this Act have the meanings ascribed* to them in the following sections of this Part 2." (Ill. Rev. Stat. 1989, ch. 85, par. 1—201.)
>
> "§ 1—202. 'Employee' includes a present or former officer \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 85, par. 1—202.)

Clearly, the meaning ascribed to the term "employee" in these particular legislative enactments is limited thereto.

In a similar vein, we note plaintiff's reliance on *City of Chicago v. Industrial Comm'n* (1945), 389 Ill. 411, in

support of his conclusion that public officers are employees of a governmental entity. This case provides no support for so broad a proposition. There, "the relationship of employee and employer was established *within the meaning of the Workmen's Compensation Act* \*\*\*." (Emphasis added.) (*City of Chicago*, 389 Ill. at 417.) See also *County of Cook v. Industrial Comm'n* (1927), 327 Ill. 79.

Finally, plaintiff contends that the appellate court's ruling of no vicarious liability creates uncertainty regarding the responsibility of governmental entities for the tortious conduct of their officers. It is his contention that the "confusion and uncertainty created by the ruling is without any identifiable benefit since the county remains liable for any expenses of its elected officials."

The county perceives plaintiff's argument to reference the county's statutory indemnification obligation. (Ill. Rev. Stat. 1989, ch. 34, par. 5—1002.) Pursuant to the indemnification provision, the county is mandated to indemnify the sheriff or a deputy for any judgment entered against him for nonwilful misconduct in the performance of his duties. The provision further provides that the county may intervene in any action and shall be permitted to appear and defend. The county analogizes its indemnification requirement to that of an insurer.

Notwithstanding the nature of the county's indemnification obligation, no employment relationship exists here. We note in passing, however, that reimbursement to public officers of expenses incurred in defending criminal prosecutions for official acts or omissions, under a statute, is regarded as part of the compensation which the *officer* receives for the services rendered. See 67 C.J.S. *Officers* § 225 (1978). See also Ill. Rev. Stat. 1989, ch. 34, par. 5—1079 (county board may insure against

any loss or liability of any officer of the county resulting from the wrongful or negligent act of any such officer).

## CONCLUSION

The sheriff is a county officer and, as such, is not in an employment relationship with the County of Cook. Therefore, the county may not be held vicariously liable for the sheriff's alleged negligent conduct. Plaintiff has failed to state a cause of action against the county upon which relief may be granted. Dismissal of the complaint was, therefore, proper. For these reasons, we affirm the appellate court.

*Affirmed.*

JUSTICE HARRISON, dissenting:

The majority's *respondeat superior* analysis is wrong. (See *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522.) It is also irrelevant. The county's liability here is defined by statute. Section 4—105 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 4—105) provides that neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody. The statute also provides, however, that this immunity is inapplicable where, as alleged in this case,

> "the employee, acting within the scope of his employment, from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care." Ill. Rev. Stat. 1991, ch. 85, par. 4—105.

There is no question that Cook County constitutes a local public entity within the meaning of this statute (Ill. Rev. Stat. 1991, ch. 85, par. 1—206), nor can there be any doubt that the sheriff, who runs the jail, is an employee of that entity. Under article VII, section 4, of

the 1970 Constitution (Ill. Const. 1970, art. VII, § 4) sheriffs are explicitly listed among county officers, and such officers are expressly defined as constituting employees for the purposes of the Act (Ill. Rev. Stat. 1991, ch. 85, par. 1—202). By statute, Cook County is therefore responsible for any injury proximately caused by members of the sheriff's department where the conditions set forth in section 4—105 of the Act (Ill. Rev. Stat. 1991, ch. 85, par. 4—105) are proven at trial.

Counts I and II of plaintiff's complaint set forth claims which fall squarely within the terms of section 4—105. He specifically alleges, *inter alia*, that county employees at the jail knew that the decedent was in immediate need of medical attention, yet "wil[l]fully and wantonly failed to take reasonable action to summon medical care." Under these circumstances, counts I and II properly stated a cause of action. The judgment dismissing those counts with prejudice should therefore be reversed, and the cause should be remanded for further proceedings.