John F. WALTON, Plaintiff,

v.

Kevin LYONS, Defendant.

No. 97–3072.

United States District Court, C.D. Illinois.

April 28, 1997.

John F. Walton, Peoria, IL, pro se.

Chris L. Fredericksen, Peoria, IL, for defendant.

*OPINION*

RICHARD MILLS, District Judge:

John Walton claims that the Peoria County State's Attorney violated his constitutional rights by initiating criminal charges against him, and by declining to prosecute an individual who committed a crime against Walton.

This 42 U.S.C. § 1983 action is before the Court on the State's Attorney's motion to dismiss.

The motion is allowed.

This frivolous case is closed.

 It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). *See also Tarkowski v. Robert Bartlett Realty Company,* 644 F.2d 1204 (7th Cir.1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines,* 404 U.S. at 521, 92 S.Ct. at 596; *Gregory v. Nunn,* 895 F.2d 413, 414 (7th Cir.1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bethlehem Steel*

*Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski,* 644 F.2d at 1207, *quoting Littleton v. Berbling,* 468 F.2d 389 (7th Cir.1972).

### FACTS

The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion: On April 17, 1996, the plaintiff was arrested on charges of disorderly conduct and placed in solitary confinement at the jail. His car was impounded. The plaintiff was not provided with a telephone book so that he could contact an attorney.

On April 19, 1996, the defendant, Peoria County State's Attorney Kevin Lyons, filed an Information formally charging the plaintiff with threatening an elected official. A bond hearing was held that day at about 2:00 in the afternoon. Following the hearing, the plaintiff was placed back in jail custody.

A friend wanting to post the plaintiff's bail was kept waiting in the jail lobby for ninety minutes. The plaintiff was not released until 5:15 that evening.

At a hearing on April 22, 1996, the defendant informed the court that the State had elected not to prosecute the plaintiff.

On or about June 10, 1996, a warrant was issued for the plaintiff's arrest. Apparently, someone had mistakenly reported that the plaintiff had failed to appear at the April 22nd hearing. The plaintiff was arrested and had to post bond.

The plaintiff went to the State's Attorney's Office to clear up the matter, but the defendant failed to correct the records. The plaintiff was arrested again on the same warrant three days later.

On June 22, 1996, a bouncer and a parking valet at Big Al's tavern accosted the plaintiff after he spat on a limousine parked in front of the bar. The plaintiff spat at the bouncer, who responded by slapping the plaintiff and kicking his car, denting it. The defendant prosecuted the plaintiff for battery. The defendant declined to press charges against the bouncer.

### DISCUSSION

The plaintiff's motion to stay the case while he travels outside the country will be denied. The motion to dismiss is fully briefed; the court finds no reason to prolong this legally frivolous case.

■ The defendant's objection to inadequate service of process is well founded. The Federal Rules of Civil Procedure do not permit service of the summons and complaint by first class, or even certified, mail. *See* Fed.R.Civ.P. 4. Service should therefore be quashed. [The plaintiff evidently was unaware of, or chose not to use, waiver of service forms, which can be mailed.]

Serving the defendant in accordance with the provisions of Fed.R.Civ.P. 4 would be a wasted exercise, as the complaint is plainly without merit. The defendant cannot be held liable either for prosecuting the plaintiff, or for declining to prosecute the plaintiff's alleged wrongdoer.

■ The plaintiff has no cause of action against the defendant with respect to the conditions of his confinement at the Peoria County Jail. Nothing in the complaint [nor in the court's knowledge about jail operations] suggests that the defendant would have had any personal involvement in the plaintiff's placement in solitary confinement, the denial of access to an attorney, or the delays in processing his release from jail. The state's attorney is not responsible for the operation of the county jail. *Accord, see Moy v. County of Cook,* 159 Ill.2d 519, 203 Ill.Dec. 776, 640 N.E.2d 926 (1994) (county not vicariously liable for violation of jail inmate's constitutional rights).

■ Turning to the criminal proceedings against the plaintiff, the State's Attorney cannot be held liable for prosecuting him. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *see also, Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Hunt v. Jaglowski,* 926 F.2d 689, 693 (7th

Cir.1991). The defendant cannot be held liable under 42 U.S.C. § 1983 for charging the plaintiff with threatening a state official.[1]

■ With respect to the erroneous arrest warrant, even assuming that the defendant was responsible for procuring the warrant, he is entitled to immunity. *See Pena v. Mattox,* 84 F.3d 894, 896 (7th Cir.1996); *Burns v. Reed,* 500 U.S. 478, 491–92, 111 S.Ct. 1934, 1941–43, 114 L.Ed.2d 547 (1991).

■ The defendant is immune from damages even assuming he was personally responsible for failing to clear the allegedly erroneous arrest warrant. Although the mistake was unfortunate, neither state statutes nor case law clearly establishes a duty on the part of the State's Attorney to correct such police records. *See* 55 ILCS 5/3–9005. Therefore, the defendant is entitled to qualified immunity on that claim.

■ Finally, the plaintiff has no cause of action against the State's Attorney for failing to prosecute the bar bouncer. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *R.S. v. D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see also, Leeke v. Timmerman,* 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981). Decisions whether to prosecute lie within the sole discretion of the State's Attorney. Therefore, the defendant is entitled to absolute prosecutorial immunity. *Mendenhall v. Goldsmith,* 59 F.3d 685, 691 (7th Cir.1995).

In sum, even accepting the plaintiff's factual allegations as true, the complaint fails to state a claim against the State's Attorney as a matter of law. Accordingly, the defendant's motion to dismiss will be granted.

IT IS THEREFORE ORDERED that the plaintiff's motion to stay proceedings is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss is allowed. The complaint is dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6). The case

is terminated. The parties are to bear their own costs.

IT IS FURTHER ORDERED that the defendant's motion to strike is denied as moot.

---

**1.** The court takes judicial notice that the plaintiff eventually pleaded guilty to the charge. *See Wal-* / *ton v. Whitledge,* Case No. 96–3060.