June FRANKLIN and Karen Huff, Plaintiffs–Appellees,

v.

John ZARUBA, DuPage County Sheriff, in his official capacity and as an agent of DuPage County Sheriff's Department, et al., Defendants–Appellants.

No. 97–4132.

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1998.

Decided July 17, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 28, 1998.

Thomas A. Vickers (argued), Daar, Fisher, Kanaris & Vanek, Chicago, IL, for Plaintiff–Appellee June Franklin.

Stuart A. Petersen, Aurora, IL, and Thomas A. Vickers, Daar, Fisher, Kanaris & Vanek, Chicago, IL, for Plaintiff–Appellee Karen Huff.

Thomas F. Downing (argued), Office of State's Attorney of DuPage County, Wheaton, IL, for Defendants–Appellants Richard Doria, Dennis Guzlas.

Robert L. Caplan, Clarendon Hills, IL, for Defendant–Appellant Express Bail Bonding Agency.

Before FLAUM, MANION, and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

June Franklin and Karen Huff filed suit under 42 U.S.C. § 1983 against the DuPage County Sheriff,[1] in his official capacity only, seeking damages for injuries allegedly sustained while they were in the custody of two deputy sheriffs. The complaint alleged

---

1. At the time the suit was filed, Richard Doria was the Sheriff of DuPage County. John Zaruba is the current Sheriff, and Zaruba is automatical- ly substituted as the defendant under Federal Rule of Appellate Procedure 43(c).

that the Sheriff failed to train and supervise his deputies and that he failed to establish policies designed to safeguard citizens apprehended by the deputies. The Sheriff asserted Eleventh Amendment immunity, which the district court refused to grant on the basis that sheriffs in Illinois are county officials, not state officials.[2] The sole issue in this appeal is whether Sheriff Doria was acting as an agent of the state, in which case the Eleventh Amendment would bar the plaintiff's suit, or as the agent of some other governmental entity, in which case the Eleventh Amendment does not apply.[3] We have jurisdiction over an interlocutory appeal raising an Eleventh Amendment immunity defense under the collateral order doctrine pursuant to 28 U.S.C. § 1291. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–45, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). For the reasons that follow, we affirm the decision of the district court.

 We have previously held that sheriffs in Illinois are county officials and therefore generally do not receive immunity under the Eleventh Amendment. In *Scott v. O'Grady*, 975 F.2d 366, 370–71 (7th Cir.1992), *cert. denied*, 508 U.S. 942, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993), we analyzed the status of sheriffs under the Constitution, statutory code, and judicial decisions of Illinois and held that "when a county sheriff in Illinois performs his duties as the principal executive officer or chief law enforcement officer of the county, he acts as a county official and does not get the benefit of the Eleventh Amendment." *See also Gossmeyer v. McDonald*, 128 F.3d 481, 488 (7th Cir.1997) (holding that a § 1983 suit against a detective in the Cook County Sheriff's Department in his official capacity is a suit against a county officer, not

a state officer). Eleventh Amendment immunity will extend to county sheriffs, however, when the sheriff (although a county officer) exercises duties on behalf of the state. For instance, we afforded Eleventh Amendment immunity to the sheriff's deputies in *Scott* because they acted as agents of the state in executing a judicial Writ of Assistance that was issued by a state court. *See Scott*, 975 F.2d at 371. In this case, however, the Sheriff does not argue that the deputies who exercised custody over the plaintiffs were executing a state judicial order or performing any similar function for the state that would render them state agents for the limited purposes of that action. Nor does the Sheriff argue that formulating policies to govern the conduct of deputies in their law enforcement functions is an action on behalf of the state akin to enforcing a judicial writ. Rather, the Sheriff contests the general proposition established by *Scott* that sheriffs in Illinois are county officers, not state officers, when performing law enforcement functions.

 A sheriff's status as a state or county official depends to a large extent on the definition of the sheriff's duties under substantive state law:

> [W]hether [a sheriff] represents the State or the county when he acts in a law enforcement capacity ... is dependent on an analysis of state law. This is not to say that state law can answer the question for us by, for example, simply labeling as a state official an official who clearly makes county policy. But our understanding of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law.

*Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

---

**2.** A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Eleventh Amendment, which bars suits for damages against states, therefore bars suits against state officials in their official capacities as well. However, the Eleventh Amendment does not extend to counties and similar municipal corporations. *See, e.g., Mt. Healthy City Sch.*

**3.** Although none of the parties has raised the issue, we note that if the Sheriff were correct that he is an agent of the state, then the plaintiffs' § 1983 suit would have to be dismissed on the independent ground that neither states nor state officials acting in their official capacities are "persons" for purposes of § 1983. *See Will v. Michigan Dep't State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

*McMillian v. Monroe County,* 520 U.S. 781, ——, 117 S.Ct. 1734, 1737, 138 L.Ed.2d 1 (1997) (citations omitted). As noted, in *Scott* we analyzed the relevant Illinois law and concluded that Illinois sheriffs are county officers and not agents of the state when performing their typical law enforcement duties. The Sheriff's appeal is essentially a request to overrule *Scott,* and he points to two cases decided after *Scott* to support this course of action: the United States Supreme Court's decision in *McMillian, supra,* and the Illinois Supreme Court's decision in *Moy v. County of Cook,* 159 Ill.2d 519, 203 Ill.Dec. 776, 640 N.E.2d 926 (1994). As discussed below, however, neither case warrants overruling our decision in *Scott.*

In *McMillian,* which involved a § 1983 suit against a county and the county sheriff in his official capacity, the Supreme Court analyzed the status of sheriffs under the law of Alabama and concluded that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties." 520 U.S. at ——, 117 S.Ct. at 1740. The Court was careful to note that its decision rested on a particularized inquiry into the duties and responsibilities of sheriffs under Alabama law, and it explicitly warned that this inquiry might yield different results in different states: "[S]ince it is entirely natural that both the role of sheriffs and the importance of counties vary from State to State, there is no inconsistency created by court decisions that declare sheriffs to be county officers in one State, and not in another." *Id.* at 1742. There are numerous differences between the law of Alabama and the law of Illinois, and we point to one that is particularly significant in distinguishing Alabama sheriffs from their Illinois counterparts: the treatment of those officials under the relevant state constitutions, as interpreted by the respective state supreme courts.

█ The Supreme Court noted that "critically for [its] case" in *McMillian,* the Alabama Supreme Court had previously held that the state constitution considered sheriffs to be "executive officers of the state," such that counties could not be held liable under *respondeat superior* for the actions of their sheriffs. 520 U.S. at —— – ——, 117 S.Ct.

at 1738–39 (citing *Parker v. Amerson,* 519 So.2d 442, 444 (Ala.1987)). In contrast, the Illinois Supreme Court has long held that sheriffs are county officers. *See Moy,* 203 Ill.Dec. 776, 640 N.E.2d at 929; *People ex rel. Davis v. Nellis,* 249 Ill. 12, 94 N.E. 165, 169 (1911). Indeed, as we noted in *Scott,* 975 F.2d at 370, a sheriff's status as a county officer is explicitly stated in the Illinois constitution. *See* ILL. CONST. art. VII § 4(c).

One wrinkle in this analysis is that the Illinois Supreme Court, like the Alabama Supreme Court in *Parker v. Amerson,* has held that counties may not be held liable under *respondeat superior* for the actions of their sheriffs even though Illinois sheriffs are county officers. *See Moy,* 203 Ill.Dec. 776, 640 N.E.2d at 931. According to the defendant, if sheriffs in Illinois are not agents of the county for purposes of holding the county liable under *respondeat superior,* then sheriffs must therefore be agents of the state. This argument overlooks a crucial third possibility that we have found to be dispositive in other cases—namely, that the sheriff is an agent of the county sheriff's department, an independently-elected office that is not subject to the control of the county in most respects. For instance, in *Ryan v. County of DuPage,* 45 F.3d 1090, 1092 (7th Cir.1995), we considered a § 1983 suit against the sheriff (of DuPage County, no less) that attempted to impose municipal liability on the County of DuPage, *see Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for actions undertaken by the sheriff, the purported policymaker for the county. We affirmed the dismissal of the county as a defendant, holding that the sheriff is a policymaker for the county sheriff's office, not for the county itself. *Ryan,* 45 F.3d at 1092 (describing Illinois sheriffs as "independently elected officials not subject to the control of the county"); *see also Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990). Given the important distinction between the general county government and the county sheriff's office, *Moy's* holding that

the county is not liable under *respondeat superior* for the actions of the sheriff does not necessarily entail that the sheriff must necessarily be an agent of the state.[4]

■ Admittedly, sheriffs occupy a somewhat unique position under Illinois law. As *Moy* indicates, sheriffs are agents of the county, but they are separate from the county boards to such a degree that the county boards cannot be held liable for their actions under *respondeat superior*. Furthermore, as *Ryan* held, the lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board.[5] Although the relationship between county boards and county sheriffs is a complicated one, the relevant feature of that relationship for purposes of this case is the lack of any suggestion that the sheriff is an agent of the state in performing general law enforcement duties. Because the Sheriff was not acting as an agent of the state in this case, we affirm the judgment of the district court.

---

**4.** In fact, *Moy* did not reject *respondeat superior* liability for the county because the sheriff was not an agent of the county. Rather, the court denied liability only because the sheriff is the wrong *kind* of agent. The court distinguished county *employees*, who are closely controlled by the county board, from county *officers*, like the sheriff, over whom the county board has little control. The county board's *respondeat superior* liability, the court held, extended only to county employees and not to independent county officers. *See Moy*, 203 Ill.Dec. 776, 640 N.E.2d at 929–31. Thus, *Moy* is entirely consistent with our conclusion in *Scott* that sheriffs are agents of the county, rather than the state. *Moy* merely specified that the sheriff is a particular kind of county agent—*i.e.*, an officer rather than an employee.

**5.** This is so even though the county board often has a statutory duty to indemnify the sheriff for damages awards. See 55 ILL. COMP. STAT. ANN. § 5/51002; *see also Tangwall v. Stuckey*, 135 F.3d 510, 514 n. 9 (7th Cir.1998).