**Paul H. KRAWCZYK, Plaintiff,**

v.

**Gary RE, etc., Defendant.**

No. 98 C 6817.

United States District Court, N.D. Illinois, Eastern Division.

March 10, 1999.

---

Jacqueline H. Lower of Sheehan & Lower, Cary, IL, for plaintiff.

Michael J. Waller of State's Attorney of Lake County, Waukegan, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Lake County Sheriff Gary Del Re ("Del Re")[1] has filed two motions targeting the FAC (see n. 1) brought against him by Paul Krawczyk ("Krawczyk"):

> 1. a motion to strike both (a) FAC Count IV as assertedly duplicative of Count I and (b) the Count I prayer for punitive damages; and
>
> 2. a motion to dismiss FAC Counts II, III, V and VI.

Krawczyk has responded with a brief Memorandum in Opposition to the first of those motions, accompanied by a quite bizarre letter stating "that Plaintiff neither objects nor agrees to Defendant's Motion to Dismiss Counts II, III, V and VI of the First Amended Complaint."

Just what is to be made of a statement that a party (or more accurately his or her lawyer) "neither objects nor agrees to" a motion that seeks dismissal of a pleading by that party? If plaintiff's counsel has properly complied with the mandate imposed on every federal practitioner by Fed.R.Civ.P. 11(b) that all claims advanced by plaintiff "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," each of the FAC's claims should have been researched and analyzed in those terms before the pleading was ever filed. If

---

1. Although the First Amended Complaint ("FAC") lists and refers to the Sheriff as "Gary Re," this opinion (though not the case caption, which cannot be changed) employs the name by which the Sheriff (who ought to know) describes himself in his current filings.

Krawczyk's counsel can offer no defense of her efforts now, as her letter suggests, this Court is not about to do her work for her. Instead it will spend just a few minutes on the fundamental flaws in the challenged counts.

■ To begin with, although FAC ¶ 25 refers to Krawczyk's employment having been terminated "[o]n or about September 30, 1996," FAC Ex. D reflects that Krawczyk was notified of that termination four days earlier. *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) teaches that the latter date started the applicable limitations clock ticking. But even were that not the case, any attempted claim by Krawczyk under the Rehabilitation Act (29 U.S.C. § 794(a)) is barred because the October 28, 1998 filing of this action fell outside of that statute's limitations period of two years (*Bush v. Commonwealth Edison Co.,* 990 F.2d 928, 933 (7th Cir.1993)). And in that respect *Cheeney v. Highland Community College,* 15 F.3d 79, 81–82 (7th Cir.1994) teaches that the limitations period was not tolled during the pendency of Krawczyk's pursuit of her administrative remedies.

That then dispatches FAC Counts III and VI, each of which is sought to be advanced under the Rehabilitation Act. As for FAC's Counts II and V, brought under Title II (the public entity branch) of the Americans with Disabilities Act (42 U.S.C. § 12132), that statute expressly adopts the Rehabilitation Act's remedies, procedures and rights (42 U.S.C. § 12133). And that in turn includes the two-year limitations period for personal injury actions under state law, as borrowed by the federal courts for such claims (*Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1409–10 (11th Cir.1998); cf. *Soignier v. American Bd. of Plastic Surgery,* 92 F.3d 547, 550–51 (7th Cir.1996) (applying that same limitations period to ADA's Title III). So Counts II and V must be dismissed as well.

■ As for FAC Count I, Krawczyk's lawyer's letter has provided the same non-response to Del Re's motion in opposition to punitive damages. Because governmental agencies are expressly exempted from such damages (42 U.S.C. § 1981a(b)(1)), and because the Sheriff in his official capacity is such a governmental entity (*Franklin v. Zaruba,* 150 F.3d 682, 684 (7th Cir.1998)), Count I's punitive damages prayer for relief is indeed stricken.

■ That leaves for consideration only the question of FAC Count IV, which Del Re says should be stricken because it is merely repetitive of Count I. In response Krawczyk Mem. 2 states (emphasis in original):

> Rather, Count I and Count IV are *two separate causes of action* even though they arise out of the same set of operative facts. Accordingly, it is not true, as Defendant asserts it is, that Count IV "does not provide any basis independent of Count I upon which relief can be predicated." Memorandum, pg. 2.

But that misses the point that the relevant concept in the federal practice is that of a "claim for relief" rather than a "cause of action," a distinction cogently explained in *NAACP v. American Family Mut. Ins. Co.,* 978 F.2d 287, 292 (7th Cir.1992):

> Identifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of "claim for relief" in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a "cause of action." The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992). A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.

One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.

In those terms there is really no qualitative difference between FAC Counts I and IV. Each asserts that Krawczyk suffered a disability, that Del Re did not grant him the requested reasonable accommodation and that Del Re then terminated Krawczyk because he could not carry out his full duties as a Deputy Sheriff without restrictions. That set of factual allegations provides Krawczyk with a viable federal claim for relief, but only one claim, because of the protections afforded by ADA's Title I (42 U.S.C. § 12112(a)). And that being so, FAC Count IV adds nothing to Count I's "claim for relief."

### Conclusion

FAC Counts II through VI are stricken, all of them other than Count IV because they are barred by limitations, and Count IV because it is merely redundant of Count I. In addition, Count I's prayer for punitive damages is stricken, so that this lawsuit will proceed solely on FAC Count I and its prayer for compensatory damages.