In the
United States Court of Appeals
For the Seventh Circuit

No. 98-2455

Mario DeGenova,

Plaintiff-Appellee,

v.

Sheriff of DuPage County,

Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 7208--James B. Moran, Judge.


Argued December 3, 1999--Decided April 13, 2000




   Before Posner, Chief Judge, and Coffey and Manion,
Circuit Judges.

   Manion, Circuit Judge. Mario DeGenova sued the
Sheriff of DuPage County in his official
capacity, claiming a violation of his
constitutional rights pursuant to 42 U.S.C. sec.
1983. The Sheriff moved to dismiss, arguing that
he had Eleventh Amendment immunity. The district
court denied the motion. The Sheriff appeals and
we affirm.

I.

   Because this appeal comes to us from a motion to
dismiss, we take the following facts from the
complaint and assume them to be true. On October
16, 1996, deputy sheriffs of DuPage County
arrested Mario DeGenova pursuant to an arrest
warrant. DeGenova told the arresting officers
that he suffered from a serious cardiac condition
that required medication. The officers, however,
did not provide DeGenova with medical treatment,
even though they saw him holding his chest and
breathing irregularly. It was not until his
release the following evening that DeGenova was
able to receive medical treatment, and he claims
that, as a result of this delay, he suffered
serious medical harm.

   DeGenova sued the Sheriff of DuPage County in

his official capacity under sec. 1983,/1 alleging that as a result of the Sheriff's policies for managing the jail, jail officials neglected his medical condition and thus violated his Fourth and Fourteenth Amendment rights. The Sheriff moved to dismiss the official capacity claim, arguing that he is a State officer when he manages the jail. The district court denied the motion, holding that because the Sheriff is a county official, and not a State official, Eleventh Amendment immunity does not apply. The Sheriff appeals. We have jurisdiction over this interlocutory appeal based on the collateral order doctrine. Franklin v. Zaruba, 150 F.3d 682, 684 (7th Cir. 1998).

II.

The Eleventh Amendment bars suits for damages against states. U.S. Const. amend. XI. "However, the Eleventh Amendment does not extend to counties and similar municipal corporations." Franklin, 150 F.3d at 684 n. 2. The Sheriff of DuPage County argues that he is a State officer when he manages the jail, and thus has Eleventh Amendment immunity. DeGenova contends, however, that the Sheriff is a county officer, and thus is subject to suit. We review this question of law de novo. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).

In McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997), the Supreme Court considered whether the Sheriff of Monroe County represented the State or the county when he acted in a law enforcement capacity, and thus whether the Sheriff was entitled to Eleventh Amendment immunity. The Court began by holding that this is a question of state law, and that it would defer considerably to the state court's view on this issue. McMillian, 520 U.S. at 786. The Court then considered whether Alabama law provides that the Sheriff represents the State when he acts in a law enforcement capacity. The Court reviewed the Alabama Constitution and Code, and how the Eleventh Circuit and the Alabama Supreme Court construed those sources, and held that when an Alabama Sheriff acts in a law enforcement capacity, he acts as a State official. Id. at 793. The Court also recognized that since "both the role of sheriffs and the importance of counties vary from State to State, there is no inconsistency created by court decisions that declare sheriffs to be county officers in one State, and not in another." Id. at 795.

We applied McMillian in Franklin, where an arrestee sued the DuPage County Sheriff in his official capacity, alleging that the sheriff's deputies injured him while he was in their

custody. The DuPage County Sheriff moved to dismiss the suit based on Eleventh Amendment immunity, which the district court denied. On appeal, we considered whether Illinois law provides that the Sheriff represents the State or a local governmental entity when he performs law enforcement duties. Because the Illinois Constitution states that the Sheriff is a county officer, and "the Illinois Supreme Court has long held that sheriffs are county officers," Franklin, 150 F.3d at 685, we concluded that the Sheriff does not act on behalf of the State of Illinois when he performs general law enforcement duties. Id. at 686.

Like Franklin, this case involves the Sheriff of DuPage County, but our analysis does not end there. As the Supreme Court emphasized in McMillian, whether a sheriff acts for the State or a local entity is not an "all or nothing" determination. 520 U.S. at 785. Rather, the question is whether, when the Sheriff acts in a particular area or on a particular issue, he acts for the State or a local entity. Id. In Franklin, we concluded that the Sheriff is not a State agent when he performs general law enforcement duties. But we have also recognized that sometimes the Sheriff may act on behalf of the State, as when he executes a judicial Writ of Assistance. Scott, 975 F.2d at 371. Here, we must decide whether the Sheriff is an officer for the State or a local entity when he manages the jail.

First of all, we must determine whether Illinois law provides that the Sheriff has "final policymaking authority" over the jail. See McMillian, 520 U.S. at 785. The Illinois Supreme Court has determined that according to State law, the Sheriff's policies for jail operations "are independent of and unalterable by any governing body." Moy v. County of Cook, 640 N.E.2d 926, 929 (Ill. 1994). Moy noted that the Sheriff of each county is the warden of the county jail, and has custody over all of its prisoners. Id.; 730 ILCS sec. 125/2. And we have held that policies concerning jail operations "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989). Therefore, Illinois sheriffs have final policymaking authority over jail operations.

We must also determine whether Illinois law provides that sheriffs are policymakers for the State or a local entity when they manage the jail. See McMillian, 520 U.S. at 785. Article VII, sec. 4(c) of the Illinois Constitution designates the Sheriff as a county officer. See Scott, 975 F.2d at 370; Moy, 640 N.E.2d at 929. This strongly indicates that the Sheriff is an

agent for the county, and not the State. But, as noted above, while the Sheriff is a county officer, he may still act on some occasions on behalf of the State. Illinois statutes make it clear, however, that when the Sheriff manages the jail, he is a county officer. For instance, the county maintains and furnishes the jail, 730 ILCS sec. 125/20, and bears all of the costs to maintain prisoners. 730 ILCS sec. 125/5. The county board builds the jail and provides for the Sheriff's reasonable and necessary expenses. 55 ILCS sec. 5/5-1106. And the Sheriff, as warden of the jail, must notify the county board if he decides that the jail is insufficient to secure prisoners. 730 ILCS sec. 125/12.

The Sheriff cites provisions that require sheriffs to participate in annual training programs that a State board has approved, that authorize the State Department of Corrections to inspect the jails at least once a year, and that permit the governor to remove sheriffs who fail to protect prisoners from a lynch mob. But these provisions merely authorize the State to regulate sheriffs in a very tenuous and indirect manner, and certainly do not outweigh the Illinois Constitution, the Illinois Supreme Court, and Illinois statutory provisions that overwhelmingly designate the Sheriff's office as a local entity apart from the State.

The Sheriff also argues that because we have held that Illinois sheriffs are not county employees, by default they must be agents of the State. We rejected this argument in Franklin, and do so again today. See Franklin, 150 F.3d at 685 ("This argument overlooks a crucial third possibility that we have found to be dispositive in other cases--namely, that the sheriff is an agent of the county sheriff's department, an independently-elected office that is not subject to the control of the county in most respects.")./2 Suffice it to say that for purposes of this appeal, he is not a state employee or officer, and is thus not protected by the Eleventh Amendment.

In conclusion, since Illinois sheriffs are county officers when they manage the jail, the Eleventh Amendment does not bar this official capacity suit. We AFFIRM.

/1 An official capacity suit is the same as a suit against the entity of which the officer is an agent. McMillian v. Monroe County, Alabama, 520 U.S. 781, 785 n. 2 (1997).

/2 The Sheriff also contends that he is not liable

because the Sheriff's Department is not a suable entity under Illinois law. "The federal courts look to state law to determine if a defendant is amenable to suit. Fed. R. Civ. P. 17(b). To be sued in Illinois, a defendant must have a legal existence, either natural or artificial." Magnuson v. Cassarella, 812 F.Supp. 824, 827 (N.D. Ill. 1992). According to Illinois law, the Sheriff is an independently-elected constitutional officer. Ill. Const. Art. VII, sec. 4(c); Ryan v. DuPage County, 45 F.3d 1090, 1092 (7th Cir. 1995); Thompson, 882 F.2d at 1187. "Within the sheriff's prescribed range of activity, he and not some legislative-type body is at the apex of the governmental pyramid." Hvorcik v. Sheahan, 847 F.Supp. 1414, 1417 n. 7 (N.D. Ill. 1994). Therefore, the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity. See Franklin, 150 F.3d at 685; See also Carver v. Condie, 169 F.3d 469, 472 (7th Cir. 1999).

In Carver, we also recognized that "the sheriff only has whatever funds the county chooses to give his office in any given year." 169 F.3d at 473. This begs the question whether a judgment against the sheriff's office is collectible. On remand, the district court searched for an answer but found "no Illinois statutory or case law instructive." Carver v. Condie, No. 94 C 2240, 2000 WL 204240 at *11 (N.D. Ill., Feb. 15, 2000). We agree that this is a matter of first impression for Illinois law, and at this juncture we need not intrude on that prerogative of the Illinois state courts. See id. at *11-*12.