NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2020[*]
Decided May 29, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2451

| | |
|---|---|
| WILLIE CORNELIUS BELL,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>THOMAS DART, *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 19 C 1825<br><br>Manish S. Shah,<br>*Judge*. |

## O R D E R

Willie Bell, a pretrial detainee at Cook County Jail, sued jail officials for depriving him of water and sanitation for six days. The district court ruled that Bell failed to state a claim. Because in *Hardeman v. Curran*, 933 F.3d 816, 820–21 (7th Cir.

---

[*] The appellees were not served with the complaint in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

2019), we held that jail detainees denied water and sanitation for three days stated a claim under the Fourteenth Amendment, we vacate the judgment in part and remand.

This case concerns six days in December 2018 during which Bell did not have water in his cell. Because we are reviewing a dismissal of his complaint, we take Bell's allegations as true and view them in the light most favorable to him. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). We also consider additional facts, asserted on appeal, that are consistent with the complaint. *See Chavez v. Ill. State Police*, 251 F.3d 612, 650 (7th Cir. 2001). Bell alleges that an officer shut off the water to his cell to prevent flooding after a pipe broke. After the shutoff, Bell and his cellmate had no running water to drink or to operate their toilet for six days. With "no water to hydrate," Bell could not take "prescribed medications." His cellmate "left human excrements in the toilet, which left a stench with the toilet being unusable." Bell complained about the lack of water to two officers (De La Torre and Rambo) during their shifts after the shutoff. De La Torre told Bell that he would submit a work order to fix the pipe. But while the water remained shut off, and after their supervisors said that Bell could not be moved to another cell, neither officer did anything else, such as arrange for bottled water or a periodic escort to a working toilet. The lack of water and a working toilet persisted until Bell filed a grievance and the broken pipe was fixed. The ordeal left Bell with "chronic constipation and a blockage in [his] small intestinal wall as a result of not being able to defecate in a timely manner."

The district court dismissed Bell's amended complaint—brought against Officer Savaanis (who shut off the water), Officers De La Torre and Rambo, and Sheriff Dart— for failure to state a claim. First, it ruled that because "an inmate is not entitled to have running water in his cell," Bell was not deprived of "a basic human need" and that because the deprivation stemmed from a broken pipe, it was not intended as "punishment." Second, the court assumed that after the first two shifts following the shutoff, Bell was allowed out of his cell to use a toilet, so he was not exposed to an excessive risk of serious harm. Third, the court ruled that the defendants behaved reasonably: Savaanis shut the water off to mitigate flooding; De La Torre and Rambo could not override their supervisors' decision not to relocate Bell; and Sherriff Dart was not personally liable under § 1983 merely because he oversees the jail.

Under the Fourteenth Amendment, pretrial detainees are entitled "to have enough water for drinking and sanitation" and "not to be forced to live surrounded by their own and others' excrement." *Hardeman*, 933 F.3d at 821. "Water is vital for both health and sanitation. Dehydration affects practically every life function, including

temperature regulation, digestion, brain function, toxin elimination, and oxygen distribution." *Id.* at 818. Thus, in *Hardeman,* where jailers shut off water to detainees for three days (and even though they provided the detainees with some bottled drinking water and a "barrel" of water to flush toilets), detainees who were dehydrated, constipated, unable to take medicine, and overcome with the stench of built-up feces and urine stated a claim. *Id.* at 819.

The facts that Bell alleges are as egregious as those in *Hardeman,* so the district court should have allowed his claim to proceed. Bell recounts six days of a water shutoff that prevented him from drinking water (in contrast to the mere three in *Hardeman*) and no bottled water for drinking or barrels of water for flushing. And, like the plaintiffs in *Hardeman,* Bell was dehydrated, constipated, unable to take his medication, and exposed to the stench of accumulated human waste.

Moreover, the district court's reasons for rejecting the claim are unpersuasive. First, it observed that a detainee is not entitled to *running* water; that may be true, but detainees are entitled to some form of water, and Bell alleges that he received none. Second, it noted that the lack of water stemmed from a broken pipe, which was not intended as punishment. But we scrutinize conditions-of-confinement claims from pretrial detainees objectively, asking whether the conditions are rationally related to a legitimate non-punitive purpose. *See Hardeman*, 933 F.3d at 822–23 (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015)). Thus, in *Hardeman* (where a similar defense of repairing pipes was raised), we said that what mattered was the unreasonableness of the unsanitary conditions. 933 F.3d at 824. Third, the district court assumed that Bell may have had access to water and a toilet outside his cell at some point during the six days. But this is an inference that it drew in favor of the defense; Bell alleges *no* water for six days, and at this stage we must draw all fair inferences in his favor, not against him. *See Turley*, 729 F.3d at 649.

Our ruling is limited. Bell may proceed against only two defendants, De La Torre and Rambo. Even under the objective standard set forth in *Hardeman*, a plaintiff must allege that the defendants acted "purposefully, knowingly, or perhaps even recklessly." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018); *see also Hardeman*, 933 F.3d at 826–27 (Sykes, J., concurring). Bell has done so only for his claims against De La Torre and Rambo. He told them about his lack of water, and they knew that he could not move to another cell; yet despite this knowledge, neither one did anything to get him water or provide sanitation over six days. The district court's reasoning—that they behaved reasonably because they could not overrule their supervisors' decision not to

house Bell in another cell—does not explain why they failed to allow him to use a working toilet or provide another water source during their shifts over six days. "All but the most plainly incompetent jail officials would be aware that it is constitutionally unacceptable to fail to provide inmates with enough water for consumption and sanitation over a three-day period." *Hardeman*, 933 F.3d at 820. We note, though, that later development of the facts may refute Bell's allegations and show that these two defendants behaved reasonably.

The district court properly dismissed the two remaining defendants. Bell sued Officer Savaanis, who shut off the water to avert flooding. But Bell does not allege that Savaanis was aware that the water remained shut off for six days or that Bell lacked alternative water. So a claim against Savaanis may not proceed. Bell's allegations against Sheriff Dart also fail to state a claim. The district court correctly ruled that Bell did not allege that the Sheriff personally ordered or knew of these events, so no personal-capacity claim against him is valid under § 1983. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). A claim against Dart in his official capacity also fails because, although "Illinois sheriffs have final policymaking authority over jail operations," *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 (7th Cir. 2000), Bell does not allege that the denial of water and sanitation was the jail's official policy. *See Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007).

We VACATE the dismissal of Bell's claims against De La Torre and Rambo and REMAND, but we AFFIRM in all other respects.