In the

# United States Court of Appeals

### For the Seventh Circuit

No. 00-1569

MARGARET M. CARVER and RANDALL S. CARMEAN,

*Plaintiffs-Appellants*,

*v.*

SHERIFF OF LASALLE COUNTY, ILLINOIS,

*Defendant*,

and

LASALLE COUNTY, ILLINOIS,

*Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 94 C 2240—**Charles R. Norgle, Sr.**, *Judge*.

ARGUED NOVEMBER 9, 2000—QUESTION CERTIFIED
MARCH 15, 2001—DECIDED APRIL 9, 2003

Before FAIRCHILD, EASTERBROOK, and MANION, *Circuit Judges*.

PER CURIAM. Margaret Carver and Randall Carmean hold a federal judgment for $500,000 as the result of a settlement in this case, which arises under 42 U.S.C. §1983 and Title VII of the Civil Rights Act of 1964. The settlement was reached with the Sheriff of LaSalle County, in

his official capacity (for Title VII covers "employers" and not agents). Because the Sheriff's Office lacks funds to pay the judgment, plaintiffs tried to collect from LaSalle County, which denied any obligation.

The district court agreed with the County's position, which left plaintiffs unable to collect their judgment. We asked the Supreme Court of Illinois to determine who is responsible for paying an official-capacity judgment against an independently elected county officer. See *Carver v. Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir. 2001). The Supreme Court of Illinois accepted the certification and concluded:

> under Illinois law a sheriff, in his or her official capacity, has the authority to settle and compromise claims brought against the sheriff's office. Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity. We further hold that this conclusion is not affected by whether the case was settled or litigated.

*Carver v. Sheriff of LaSalle County*, 2003 Ill. LEXIS 13 at \*1-2 (S. Ct. Ill. Feb. 6, 2003) (relying on 745 ILCS 10/9-102 in conjunction with 55 ILCS 5/4-6003 and 5-1106).

The Supreme Court of Illinois has our thanks for resolving this knotty and recurring question of state law. Its answer implies an additional point of federal law: that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. See Fed. R. Civ. P. 17, 19. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation. Plaintiffs' complaint did name LaSalle County as a defendant, but the County sought and obtained dismissal. Having received from the

court exactly what it wanted, the County cannot complain that, when the Sheriff settled the suit, it was in no position to object. But in the future counties must be named as parties and are entitled to remain in the suit, so that they may veto improvident settlements proposed (at their expense) by the independently elected officers.

The judgment of the district court is vacated, and the case is remanded for proceedings consistent with this opinion and the conclusion of the state's highest court. If LaSalle County does not promptly satisfy the judgment, the district judge should facilitate collection under Fed. R. Civ. P. 69.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*