In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-2190

CARL ASKEW,

*Plaintiff-Appellant,*

*v.*

SHERIFF OF COOK COUNTY, ILLINOIS, and
BERNARDO LOPEZ,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 4530—**Samuel Der-Yeghiayan,** *Judge.*

ARGUED OCTOBER 31, 2008—DECIDED MAY 18, 2009

Before FLAUM, ROVNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* In August 2004, appellant Carl
Askew was a pretrial detainee at the Cook County Jail.
Askew alleges that, during his incarceration, officer
Bernardo Lopez threw him to the ground without provo-
cation and, after Askew asked to be transferred to an-
other division in the jail for fear of harm from Lopez
and other guards, deliberately left him alone with other
inmates who later stabbed him. In August 2006, Askew

filed this civil rights lawsuit, alleging excessive force and deliberate indifference claims against Lopez and a municipal liability claim against the Sheriff. The district court granted defendants' motion to dismiss the case for failure to join a party under FED. R. CIV. P. 19. Dismissal, however, is not the remedy that Rule 19 prescribes for the problem here. We therefore reverse and remand for further proceedings.

# I

Askew filed his claim on August 21, 2006, naming the Sheriff, Lopez, and "Unidentified Cook County Sheriff's Office Correctional Officers" as defendants. In his initial complaint, Askew alleged two theories of relief under 42 U.S.C. § 1983: first, that "the individual defendant" (presumably Lopez) violated his constitutional rights by subjecting him to excessive force, and second, that this person exhibited deliberate indifference to his safety. On August 22, 2006, Askew apparently realized that he had not indicated in what way either the unidentified officers or the Sheriff had infringed his rights, and he therefore filed a first amended complaint. The first amended complaint modified counts I and II so that they were now against "the individual defendants," and it added a third count based on *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), against the Sheriff. The *Monell* claim alleged that the actions of Lopez and the unidentified officers were taken pursuant to *de facto* policies or customs of the Sheriff's office. On November 2, 2006, with leave of the court, Askew filed a second

amended complaint, in which he dropped the unidentified officers from his claim, leaving only Lopez and the Sheriff as defendants. Following defendants' motion for a more definite statement and once again with leave of the court, Askew filed a third amended complaint clarifying that his § 1983 claims were based on alleged violations of the Eighth and Fourteenth Amendments of the U.S. Constitution. On January 31, 2007, defendants filed a motion under FED. R. CIV. P. 12(b)(7), in which they asked the court to dismiss Askew's third amended complaint because he had not joined Cook County as a party to the action.

The district court agreed that Cook County's presence was required under Rule 19. This, it thought, meant that the action had to be dismissed outright. In so holding, the court relied on the decision in *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) ("*Carver II*"), which held that in a claim against a Sheriff in Illinois the relevant county is a required party. Therefore, the district court reasoned, because the Sheriff was named as a defendant in Askew's action, Cook County was an "indispensable" party. Askew's failure to name Cook County as a defendant, it concluded, was an omission requiring dismissal of the action.

## II

This court has yet to decide whether to review decisions applying Rule 19 *de novo* or for an abuse of discretion. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001); *Thomas v. United States*, 189 F.3d 662, 666 (7th

Cir. 1999); *North Shore Gas Co. v. Salomon, Inc.,* 152 F.3d 642, 648 (7th Cir. 1998); *United States ex rel. Hall v. Tribal Dev. Corp.,* 100 F.3d 476, 478 (7th Cir. 1996) (collecting cases). Because the district court made a legal error in its analysis, however, our approach in the present case would be the same under either standard of review. We therefore postpone once again the resolution of the question of the proper standard of review in Rule 19 cases for one where that issue matters to the outcome.

The purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir. 1990). Dismissal, however, is not the preferred outcome under the Rules. Courts are "reluctant to dismiss for failure to join where doing so deprives the plaintiff of his choice of federal forum." *Davis Companies*, 268 F.3d at 481. Before turning to the specifics of Askew's case, a brief review of the structure of Rule 19 is useful.

Ever since the 1966 amendments to the Rule, it has drawn a fundamental distinction between two kinds of missing parties: those whose joinder is feasible and those whose joinder is not feasible, because it would defeat subject-matter jurisdiction, or the party is beyond the personal jurisdiction of the court, or the party has and makes a valid objection to venue. Rule 19(a) addresses "persons required to be joined if feasible," and Rule 19(b) describes what the court must do if joinder is not feasible. The first step, however, is to identify

which parties (if any) fall within the scope of the rule. Rule 19(a)(1) defines who is a "required party":

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Once such a party has been identified, the Rule prescribes what the court must do. Note that as part of the Rule 19(a)(1) inquiry, the court has already considered whether the absentee is a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction. For the set of absentees who meet those criteria, it is Rule 19(a)(2) that specifies the correct response by the court, not Rule 19(b). Rule 19(a)(2) says that "[i]f a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a

proper case, an involuntary plaintiff." Finally, once such a person has been brought into the case, if the new party raises a valid objection to venue (an unlikely event, now that 28 U.S.C. § 1391(a)(3) permits, as a default venue in diversity cases, a district in which the defendant is subject to personal jurisdiction), the court must dismiss that party. Rule 19(a)(3).

Only if the court determines that a party meets the criteria of Rule 19(a)(1)(A) and (B), but the party cannot be joined (usually because joinder would destroy complete diversity or the court lacks personal jurisdiction over it) must the court turn to Rule 19(b) and decide what to do about the problem. Even then, dismissal is not automatic. Instead, the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Rule 19(b) spells out factors for the court to consider in making that judgment, with an emphasis on practical measures that will allow either the entire suit or part of it to go forward.

The district court in the present case found that Cook County was a party that should be joined in the action under Rule 19(a) because "the Sheriff . . . is included as a Defendant in this action, [and the Sheriff] is an elected official." The court then jumped to the conclusion that "there is no way to reasonably structure the instant action in a fashion that would ensure the rights of the County are protected in its absence," and it consequently dismissed the action in its entirety. In so doing, the court misunderstood Rule 19 in several respects.

The district court's first error was to skip over Rule 19(a)(2) altogether. The third amended complaint that Askew filed named two parties: Lopez and the Sheriff of Cook County. The missing party whose joinder was required, based on this court's decision in *Carver II*, was Cook County itself. Had the district court asked the questions whether the presence of Cook County in the suit would destroy its subject-matter jurisdiction in this § 1983 action and whether the County was subject to service of process from the Northern District of Illinois, both answers would have been clear: no, and yes. With that much established, the court would have moved to Rule 19(a)(2) and ordered the joinder of the County as a third defendant. The County would have had no conceivable defense to venue, which is proper in a federal-question case where (among other places) a substantial part of the events giving rise to the claim occurred (here, the Cook County jail, which sits in the Northern District of Illinois), and so there would have been no occasion to dismiss under Rule 19(a)(3). The case then could (and should) have proceeded to the merits.

Even if, counterfactually, there might have been a problem bringing in the County, the court erred by treating Askew's claim against Lopez and his claim against the defendant Sheriff as one and the same. Just because *Carver II* establishes that Cook County is a required party insofar as Askew is suing the Sheriff, it does not necessarily follow that the County is also a required party insofar as Askew is suing Lopez in his individual capacity. For this purpose, the rationale

behind *Carver II* is important. There, following the Illinois Supreme Court's holding in *Carver v. Sheriff of LaSalle County*, 203 Ill. 2d 497 (2003) (which answered a question certified by this court in *Carver v. Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir. 2001) ("*Carver I*")), we held that 745 ILCS 10/9-102 required a county to pay for a judgment entered against the county sheriff in his official capacity. *Carver II*, 324 F.3d at 948. Illinois law establishes that the Sheriff is an "independently elected county officer and is not an employee of the county in which the sheriff serves." *Carver*, 787 N.E.2d at 136; Ill.Const.1970, art. VII, § 4(c); *Moy v. County of Cook*, 159 Ill.2d 519 (1994). It is the responsibility of the Sheriff to appoint and hire deputies (55 ILCS 5/3-6008 (West 2000)), to act as custodian of the county courthouse and jail (55 ILCS 5/3-6017 (West 2000)), and to act as the county's supervisor of safety (55 ILCS 5/3-6035 (West 2000)). The Sheriff's office is financed by public funds, appropriated to that office by Cook County. See, *e.g.*, 55 ILCS 5/4-6003 (West 2000) (the county board "shall fix the compensation of sheriffs, with the amount of their necessary clerk hire, stationery, fuel, and other expenses"); 55 ILCS 5/5-1106 (West 2000) (county board obligated to "provide proper rooms and offices for the accommodation" of the sheriff, as well as "reasonable and necessary expenses for the use of the sheriff"). Thus, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer . . . [and] [b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Carver II*, 324 F.3d at 948.

While this holding establishes that the County is a required party for Askew's suit against the Sheriff, it does not answer the analytically distinct question whether the County is similarly required for Askew's suit against Lopez, which was brought against him in his individual capacity. Lopez argues that the County is still "indispensable," reasoning that if there is a tort judgment entered against Lopez, the Sheriff must indemnify him, and that if the Sheriff must pay, the County's interests are automatically implicated. The Sheriff's obligations are governed by 745 ILCS 10/9-102, which reads as follows:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of employment is liable in the manner provided in this Article.

Defendants argue that because, under state law, the County will necessarily be the entity funding any judgment entered against Lopez, this case is directly analogous to the *Carver* cases and thus the County's joinder would be required even if the case were solely against Lopez. This argument has some superficial appeal: if this were a suit imposing liability on the Sheriff for Lopez's actions, then there would be no escape from *Carver II*. But it is not. Askew's suit against the Sheriff cannot be one seeking to hold him liable under a theory of *respondeat superior* for Lopez's actions. *Monell* and a host of later cases firmly establish that there is no *respondeat superior* liability under § 1983. See *Monell*,

436 U.S. at 694-95. See also *Moy*, 159 Ill. 2d, 159 Ill. 2d at 930 (holding that a county is not vicariously liable for the actions of a sheriff's deputy). That means that Askew's suit is a simple one against Lopez in his individual capacity. Any judgment entered would be against Lopez alone, without regard to any collateral sources to which Lopez might turn to fund that judgment.

A closer look at the Sheriff's argument reveals that it is premature. If Askew wins against Lopez, and then if Lopez later tries to collect from the Sheriff in supplemental proceedings, it would then be necessary to join the County as a party to those later proceedings. But that day may never come. For the present, the County does not become an "indispensable" party just because it may need to indemnify the Sheriff in the future, any more than an insurance company must be included as a defendant in a suit against its insured. We conclude, therefore, that the County is not a party that must be joined if feasible, within the meaning of Rule 19, in a case brought against the Sheriff in his individual capacity.

In conclusion, Rule 19 requires that once a court determines that a party is a required party and it is feasible for that party to be joined, the court "*must order that the person be made a party*." FED. R. CIV. P. 19(a)(2) (emphasis added). Cook County fits that bill to a "T". The district court erred when it dismissed the action; it should instead have ordered that Cook County be made a party. If the case were still proceeding against both Lopez and the Sheriff, that is all we would need to say. Unfortunately for Askew, however, matters are more compli-

cated. Askew's brief on appeal includes an unambiguous waiver of any claim that he might have had against the Sheriff. It states that the district court was "correct in dismissing plaintiff's claim brought against the Sheriff in his official capacity . . . ." As we have said, this is not true. At this point, however, Askew cannot avoid this waiver. On remand, for the reasons we have set forth, the case may go forward against Lopez without including the County as a party.

The judgment of the district court is therefore VACATED and the case is REMANDED for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.