# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2012

No. 10-41237

Lyle W. Cayce
Clerk

KAYODE AFUWAJOMO

Plaintiff-Appellant

v.

SENIOR IMMIGRATION ENFORCEMENT AGENT DE GUZMAN;
J. RUTLAND; LIEUTENANT CHRISTIAN ANDRADE; JUAN SILVA;
JOSE M. PENA; SUSIE GONZALEZ; LIEUTENANT C. BANUELOS

Defendants-Appellees

-----------------------------------------------------------

KAYODE AFUWAJOMO,

Plaintiff-Appellant

v.

LIEUTENANT C. BANUELOS

Defendant-Appellee

-----------------------------------------------------------

AFUWAJOMO KAYODE

Plaintiff-Appellant

v.

S. GONZALEZ, Security Guard Supervisor; J. SILVA, Security Guard;
JOSE M. PENA, Security Guard; AGILERA, Captain Senior Immigration
Enforcement Agent; G. CARDONA, Immigration Enforcement Agent

No. 10-41237

Defendants-Appellees

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-127

---

Before JONES, Chief Judge, and OWEN and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant pursues this appeal from Nigeria, to which he was deported after being held in detention in Port Isabel, Texas. His consolidated suits assert that his constitutional rights were violated by assaults and harassment while he was in detention. After his deportation, the case proceeded on a very slow track from 2008 until the November 2009 telephonic pretrial conference, at which the district court set the final pretrial conference to occur a year later. Appellant had been warned in September 2009 that his failure to prosecute the case with due diligence could lead to a dismissal for want of prosecution. He sought some discovery in June 2010 but he failed to respond to the summary judgment motions of all but three defendants. The magistrate judge recommended granting summary judgment and carrying the case of the remaining defendants forward to the final pretrial conference. Afuwajomo objected to the report and recommendation.

Afuwajomo not only failed to appear at the final pretrial conference on November 2, 2010, but he failed to notify the court in advance of his non-appearance and neither requested a continuance nor sought to participate by telephone. Instead of ruling on the summary judgment motions, the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-41237

dismissed the suit for want of prosecution. FED. RULE CIV. PRO. 41(b). We review this dismissal under an abuse of discretion standard if we reach the merits.

On appeal, Afuwajomo repeatedly attacks the "kangaroo court" decisions of the district court and asserts that the court or the defendants had some duty to afford him a visa and bring him back to the United States for trial. Of course, there is no such duty. Moreover, he offers no argument, evidence or legal case law concerning the issue before us: whether the district court's *sua sponte* dismissal for lack of prosecution is an abuse of discretion. Issues that are not briefed on appeal are waived, even if a party is proceeding pro se. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Afuwajomo has failed to brief the only relevant issue in any meaningful way, the judgment of the district court is **AFFIRMED**.