**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 18, 2019

***Before***

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3286

| | |
|---|---|
| DAVID A. BERTHA, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16-cv-04982 |
| RON HAIN[**], *et al.*, <br> *Defendants-Appellees*. | Harry D. Leinenweber, <br> *Judge*. |

**O R D E R**

David Bertha, a former attorney, appeals the dismissal of his civil-rights suit against several judges, prosecutors, and law enforcement officers in connection with his prosecutions for trespass and contempt in Kane County, Illinois. *See* 28 U.S.C. § 1983. After dismissing or staying all but one of his claims, the district court later dismissed

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

[**] We have substituted the current Sheriff of Kane County for his predecessors, sued in their official capacities. FED. R. CIV. P. 25(d).

the case for failure to prosecute. *See* FED. R. CIV. P. 41(b). We affirm. Many of the defendants enjoy absolute immunity from suits for damages, and to the extent Bertha stated any claims, the district court appropriately abstained from hearing them and permissibly dismissed the case after Bertha missed two hearings.

Bertha was arrested twice in October 2013 when he tried to enter the jail at the Kane County Adult Justice Center after he had been banned from the building for disruptive behavior. (He had claimed to be an attorney but could not produce current credentials and became belligerent when challenged.) The State charged him with criminal trespass in separate cases. During the proceedings he submitted motions and sent letters, some *ex parte*, to the presiding judges, then-Chief Judge Judith Brawka of the Sixteenth Judicial Circuit Court, the Kane County State's Attorney's Office, and his public defenders, crudely berating and threatening the prosecutors and judges. Chief Judge Brawka reviewed the letters and ordered them to be entered into the record in Bertha's cases. In the orders, Judge Brawka described her review of the letters as "administrative." Assistant State's Attorneys for Kane County then charged Bertha with criminal contempt for the filings and missives.

Questions about Bertha's competence complicated the criminal proceedings. He was convicted and served an eight-month sentence for criminal contempt, but a judge vacated that conviction and ordered a series of fitness examinations and a new trial. As for the trespass cases, one went to trial and resulted in a guilty verdict, but both the sentencing in that case and further proceedings in the second case were delayed when Bertha was found unfit to stand trial—a finding that since has been reversed.

While all three criminal cases were pending, Bertha filed this case in federal court. The district court dismissed the complaint, but we remanded the case to allow Bertha to amend his pleadings "once as a matter of course," *see* FED. R. CIV. P. 15(a)(1)(B), and for the district court to consider the amended complaint. *Bertha v. Sullivan*, 719 F. App'x 516, 518 (7th Cir. 2017).

The amended complaint, as clarified by its exhibits and a memorandum, *see Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013), alleges: (1) sheriff's deputies banned Bertha from the county jail without due process; (2) deputies twice arrested him without probable cause for trespassing; (3) Chief Judge Brawka denied him due process by entering the menacing letters into the records in his trespass cases; (4) the judges and prosecutors denied him due process and violated his right to free speech by bringing charges and entering a conviction for contempt and then retrying him after the

conviction was vacated;[1] (5) during his trials, sheriff's deputies assaulted him and removed him from the courthouse without cause; (6) deputies unreasonably strip-searched him while he served his sentence for contempt; (7) deputies inflicted cruel and unusual punishment by placing him in segregation during that sentence; and (8) deputies denied him due process by providing (and therefore viewing), in response to a public-records request that Bertha filed, privileged communications between him and his public defenders about trial strategy.

The defendants moved to dismiss the amended complaint, and in August 2018 the district court largely granted their motions. It first concluded that absolute judicial immunity barred Bertha's claims against the judges. The claims against the state's attorneys, the court said, were untimely and prohibited by prosecutorial immunity. Also untimely, the court ruled, were Bertha's claims that sheriff's deputies banned him from the jail without due process and arrested him without probable cause. The court next dismissed the claims against the two Sheriffs of Kane County in their official capacities (the events had transpired over two Sheriffs' terms) on the ground that Bertha failed to allege that their deputies acted unconstitutionally pursuant to an actual or de facto policy of the Sheriff's Office. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

The district court allowed Bertha to proceed on his claim against the individual deputies who allegedly strip-searched him. As for Bertha's claims that deputies assaulted him and removed him from the courtroom without cause and violated his privileged communications, the district court abstained from exercising jurisdiction, *see Younger v. Harris*, 401 U.S. 37 (1971), and stayed these damages claims until resolution of the criminal proceedings. Bertha missed a status hearing and later filed a motion for recruitment of counsel, but he then missed another status hearing despite the court's warning that doing so again would result in dismissal. The district court in September 2018 therefore dismissed the case for failure to prosecute.

We begin with the judge-defendants' contention that this appeal is limited to review of the September order dismissing the case for failure to prosecute. Citing two

---

[1] The alleged due process and First Amendment violations included: Judge John Barsanti issued an arrest warrant for contempt; Judge Elizabeth Flood submitted an affidavit about Bertha's motion to substitute another judge for her in the contempt case; different chief judges appointed out-of-circuit judges to preside over Bertha's cases; and the prosecutors asked the police to investigate him for disorderly conduct.

nonprecedential cases from other circuits, they argue that Bertha waived his challenges to the August order dismissing the bulk of the complaint. They contend that, because Bertha does not argue about the dismissal for want of prosecution in his opening brief, the interlocutory order in August did not merge into the final judgment. *See Montez v. Chase Home Fin., LLC*, 710 F. App'x 328, 328 (9th Cir. 2018); *Afuwajomo v. De Guzman*, 478 F. App'x 67, 68 (5th Cir. 2012). But we see no reason here to depart from the usual rule that all interlocutory decisions merge into the final judgment. *See Walton v. Bayer Corp.*, 643 F.3d 994, 997–98 (7th Cir. 2011). We would not apply the rule if it would encourage bad-faith tactics. *See Sere v. Bd. of Trustees of Univ. of Ill.*, 852 F.2d 285, 288 (7th Cir. 1988). But nothing suggests that Bertha deliberately missed hearings so that he could obtain a final judgment[2] and more quickly appeal the August order—the record suggests that he planned to pursue his remaining claims. Therefore, we proceed with a full review. *See Walton*, 643 F.3d at 997–98.

Bertha first challenges the application of absolute immunity to the claim against Kane County prosecutors for charging him with criminal contempt. He asserts that the prosecutors had first directed the police to investigate his letters—conduct that he argues is "investigative … rather than that of [an] advocate." *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). True, prosecutors do not have absolute immunity for every action, as immunity attaches to the function rather than to the office, *Kalina*, 522 U.S. at 127, but Bertha's claim is not directed at "investigative" acts. He claims that the prosecution of the contempt charges violated his rights under the First and Fourteenth Amendments. Those charges did not depend on the police's investigation of disorderly conduct or involve other alleged misconduct by prosecutors. *See, e.g., id.* at 126 (explaining that absolute immunity does not protect falsifying evidence). Here, "in initiating a prosecution and in presenting the State's case," the prosecutors are "immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 430; *Tobey v. Chibucos*, 890 F.3d 634, 649–50 (7th Cir. 2018).

The district court also correctly ruled that the circuit court judges are entitled to absolute immunity. Judges have immunity for judicial acts even if they act erroneously, maliciously, or in excess of their authority; they can be liable only when acting in the

---

[2] The district court never entered a judgment under Federal Rule of Civil Procedure 58 after the September 26, 2018, dismissal for want of prosecution, which disposed of the whole case. The judgment therefore became final 150 days after that date (February 23, 2019) under Rule 58(c)(2)(B). The notice of appeal that Bertha had filed prematurely on October 23, 2018, is deemed filed then, too. FED. R. APP. P. 4(a)(2).

"clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Bertha contends that immunity does not protect Judge Barsanti because he issued an arrest warrant for "direct" contempt without jurisdiction. In Illinois, "direct" contempt is contemptuous conduct that occurs in the presence of the judge or disrupts judicial proceedings. *See In re Marriage of Betts*, 558 N.E.2d 404, 418 (Ill. App. Ct. 1990). Here, the judges presiding over Bertha's cases did not charge him—the prosecutors sought a warrant from another judge based on his crude filings and letters. But Bertha concedes that a judge other than the one who witnessed the offense may preside over direct contempt charges when there is probable cause to prosecute. *See Kaeding v. Collins*, 668 N.E.2d 572, 578 (Ill. App. Ct. 1996). Probable cause existed because the filing of disrespectful, disruptive, or deceitful documents in court is direct contempt. *See In re Marriage of Betts*, 558 N.E.2d at 416, 418. Therefore, Judge Barsanti is absolutely immune for his role in signing the arrest warrant.

Bertha's challenge to Chief Judge Brawka's absolute immunity likewise fails. Bertha argues that the judge deprived him of a fair trial by entering his letters into the records in his trespass cases after her "administrative" review. *See Forrester v. White*, 484 U.S. 219, 228 (1988) (holding that judges are not absolutely immune for administrative acts). But whether immunity applies depends not on labels but on the function served; an act warrants judicial immunity when it involves resolving disputes between parties before the court. *Id.* at 224, 227. And when it is pertinent to a dispute, "[a] judge can be expected to circulate an *ex parte* communication to all relevant parties." *Kowalski v. Boliker*, 893 F.3d 987, 999 (7th Cir. 2018). Bertha's letters were relevant to his fitness for trial in the trespass cases, so making them available to the presiding judges, the prosecutors, and his public defenders qualified as a judicial act. *Id.*

Judicial immunity also shields Judge Flood (the first judge to find Bertha guilty of trespass) for submitting an affidavit about Bertha's motion for substitution of judge. Illinois permits a judge who is the subject of a substitution motion to "submit an affidavit if the judge wishes." 725 ILCS 5/114-5(d). Submitting the affidavit facilitated a ruling on the substitution motion and was tied to Judge Flood's adjudicatory role. It was therefore a judicial act for which she is absolutely immune.

Bertha has waived any claims against the chief judges related to their assignment of out-of-circuit judges to preside over his criminal cases. In the district court he theorized that these acts violated his due process rights and the First Amendment, but now he argues instead that he pleaded a class-of-one equal protection claim against the chief judges. When litigants change theories after losing in the district court, new

arguments raised for the first time on appeal are waived. *O'Gorman v. City of Chicago*, 777 F.3d 885, 890 (7th Cir. 2015). Bertha said nothing about equal protection until now, so this argument is waived.

We turn next to the claims against Kane County and the elected Sheriffs in their official capacities, which are based on sheriff's deputies' alleged violations of Bertha's constitutional rights when they banned him from the jail and arrested him for trespass. Bertha now frames these exclusively as *Monell* claims, asserting that Kane County and the Sheriffs had an unconstitutional policy of unfair and arbitrary treatment of visitors to the jail. The claims against the Sheriffs in their official capacities are really against the Kane County Sheriff's Office. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 n.4 (7th Cir. 2010) (citation omitted). The County is not responsible for policies set by the Sheriff's Office and carried out by its deputies because in Illinois a sheriff is an independently elected county officer, not an employee of the county that he or she serves, and the deputies are employees of the Sheriff's Office. *See Carver v. Sheriff of La Salle Cty.*, 787 N.E.2d 127, 136–38 (Ill. 2003). The County, therefore, cannot be liable under *Monell* for the acts of sheriff's deputies. (Nonetheless, the County remains a proper defendant because state law requires it to pay a judgment entered against a sheriff in his official capacity. *Carver v. Sheriff of LaSalle Cty.*, 324 F.3d 947, 948 (7th Cir. 2003).)

The district court dismissed most of the claims against the Sheriffs as untimely. Bertha argues that that the limitations period should have been tolled based on his alleged period of incompetency. But he waived this argument by raising it for the first time on appeal. *O'Gorman*, 777 F.3d at 890. Therefore, the claim that deputies banned him from the jail without due process per a policy of the Sheriff's Office is untimely because the events occurred in 2013, and he did not sue until 2016, by which time the two-year statute of limitations for § 1983 actions in Illinois had passed. *See id.* at 889.

Further, Bertha failed to state a *Monell* claim against the Sheriff's Office for allegedly maintaining a policy of arresting him for trespass without probable cause in violation of the Fourth Amendment. He argues that it was sufficient to allege that the Sheriff's Office had an express policy of arresting him when he tried to visit the jail but allowing "the rest of the public" to enter. Even if such particularized action could be considered a "policy," the Sheriffs "cannot be liable under *Monell* when there is no underlying constitutional violation." *See Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010). And Bertha's allegations show that the sheriff's deputies had probable cause to arrest him. In Illinois, criminal trespass is trespass plus knowledge that the

owner of the property has not authorized the trespass. 720 ILCS 5/21–3(a). Bertha was informed that he was not allowed at the jail and failed to challenge this decision through proper channels. He admittedly went to the jail anyway; the deputies therefore had probable cause to arrest him and did not violate the Fourth Amendment. *See Squires-Cannon v. White*, 864 F.3d 515, 517 (7th Cir. 2017); *see also District of Columbia v. Wesby*, 138 S. Ct. 577, 585–86 (2018). Bertha also contends that he stated a timely claim under the Fourteenth Amendment for "malicious prosecution," but no such claim based on the Due Process Clause exists. *Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017).

Bertha next says that the district court should not have stayed his claims related to his removal from the courtroom during the contempt trial and his privileged communications with his public defenders because his criminal cases had already concluded. *Younger* instructs that federal district courts should abstain from exercising jurisdiction over constitutional claims that may interfere with ongoing state proceedings. *Tobey*, 890 F.3d at 651. Removing a defendant from the courtroom and breaching his privileged communications may implicate the fairness of the trial, *see Illinois v. Allen*, 397 U.S. 337, 345–347 (1970) (discussing defendant's right to be present at trial); *United States v. Leonard-Allen*, 739 F.3d 948, 952–53 (7th Cir. 2013) (examining scope of attorney-client privilege), so claims based on such events could interfere with the state cases. Bertha does not argue that the district court should have allowed these claims while the criminal cases were ongoing. And he had been instructed, but failed, to notify the district court when the criminal cases concluded. Bertha cannot now complain that the court erred by staying the claims when he failed to keep the court updated.

Finally, Bertha argues that he must be permitted to proceed on his claim that he was subjected to an unreasonable strip search. But he does not challenge the dismissal of this claim for failure to prosecute (except in his reply brief, which is too late, *see Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018)). He needed to grapple with that ruling before addressing the merits of the claim. Bertha's failure to contest the issue on appeal results in waiver. *See United States v. Crisp*, 820 F.3d 910, 912 (7th Cir. 2016). Even if the issue is merely forfeited, as Bertha contends, he fails to justify a departure from the rule against reviewing forfeited issues for plain error in civil cases. *See S.E.C. v. Yang*, 795 F.3d 674, 679–80 (7th Cir. 2015).

We have considered Bertha's other contentions, but none has merit.

AFFIRMED